J-S38037-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MAURICE POWELL, | : | |
| | : | |
| Appellant | : | No. 372 EDA 2014 |

Appeal from the Judgment of Sentence Entered October 9, 2013,
In the Court of Common Pleas of Delaware County,
Criminal Division, at No. CP-23-CR-0006939-2011.

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MAURICE POWELL, | : | |
| | : | |
| Appellant | : | No. 400 EDA 2014 |

Appeal from the Judgment of Sentence Entered October 9, 2013,
In the Court of Common Pleas of Delaware County,
Criminal Division, at No. CP-23-CR-0006875-2011.

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MAURICE POWELL, | : | |
| | : | |
| Appellant | : | No. 402 EDA 2014 |

Appeal from the Judgment of Sentence Entered October 9, 2013,
In the Court of Common Pleas of Delaware County,
Criminal Division, at No. CP-23-CR-0007295-2010.

J-S38037-14

BEFORE: FORD ELLIOTT, P.J.E., BOWES and SHOGAN, JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED SEPTEMBER 17, 2014**

Appellant, Maurice Powell, appeals *nunc pro tunc* from three separate judgments of sentence that were entered on October 9, 2013, following the revocation of his parole.[1]  After review, we affirm.

The relevant facts of this case were set forth by the trial court as follows:

> The pertinent history of this appeal begins on October 9, 2013, when this Court held a **Gagnon II**[2] hearing. Appellant appeared via video conference and stipulated, through his attorney, to waiving his physical presence and to the time, date, place, and notice of the hearing. N.T., 10/9/2013, p. 3. Appellant's attorney told this Court that Appellant wished to be placed in an in-patient rehabilitation center in lieu of receiving a prison sentence. This request was based primarily on Appellant's most recent drug and alcohol evaluation that recommended Appellant would benefit from in-patient treatment. N.T., p.4.
>
> In response to that request, Appellant's parole agent, Dawn McDonald, disagreed with the request for inpatient treatment. Ms. McDonald drew this Court's attention to the fact that, while under her supervision, Appellant has been evaluated twice. N.T., p. 5. Both times it was recommended that he receive intensive out-patient treatment. The first time, Appellant failed to enroll in any program. N.T., p. 5. The second time, after appearing in front of The Honorable Judge Nilon, Appellant was ordered to complete Prep 1. After successful completion, Appellant was ordered to enroll in out-patient treatment, which

---

[1] The appeals were docketed at Pennsylvania Superior Court docket numbers 372 EDA 2014, 400 EDA 2014, and 402 EDA 2014.  On March 25, 2014, these separate appeals were consolidated by stipulation of the parties pursuant to Pa.R.A.P. 513.

[2] **Gagnon v. Scarpelli**, 411 U.S. 778 (1973).

-2-

he again failed to do. N.T., p. 5. Then, in 2010, Appellant was again evaluated at George W. Hill Correctional Facility. The evaluation recommended short term residential in-patient treatment. Appellant was paroled to Conawago Place and left; thereby failing to complete the program. N.T., p. 5.

This Court agreed with Ms. McDonald that Appellant has shown no signs that he was amendable [sic] to successfully completing treatment.[1] N.T., p. 6. This Court told Appellant "you've blown those opportunities. You've cost the taxpayers of this Commonwealth a lot of money, and we're not going to spend any more money on putting you in programs you don't want to be in." N.T., p. 6.

> [1] The Court also considered the **Gagnon II** Hearing Report.

This Court followed the recommendation provided by Ms. McDonald and sentenced Appellant as follows: On transcript 7295-2010, Appellant was found in violation of his parole and parole was revoked, Appellant received full back time of 218 days to be served in Delaware County Prison (DCP) and released on the maximum date. N.T., p. 7. On transcript 6939-2011, Appellant was found in violation of his parole, parole revoked, and sentenced to full back time of 508 days to be served in DCP, with release on the maximum date. N.T., p. 7[.] Lastly, on transcript 6875-2011, Appellant was found in violation of his parole, parole revoked, and sentenced to full back time of 501 days to be served in DCP with release on the maximum date. N.T., p. 8. The new sentences were ordered to run concurrent to one another; however, to run consecutive to Appellant's most recent case on transcript 2400-2013.[2]

> [2] This Court did not run the sentences concurrent, as requested, because of the severity of the new case where defendant was charged [with] arson and recklessly endangering another person.

The Court then explained Appellant's post-sentencing rights. The notes of testimony show that Appellant wanted to file an appeal and that the Officer of the Public Defender, who was representing Appellant, would in fact pass the information off to

their appellate unit and would have them contact Appellant. N.T., p. 13.

On 1/2/2014, after the thirty days to appeal had past, this Court received a ***pro se*** motion from Appellant indicating that he never heard from his attorney and that he never received any statement that an appeal was filed. The motion was for new counsel as well as the right to file an appeal. After inquiring into Appellant's requests, this Court determined that no appeal was ever filed on behalf of Appellant, despite the agreement to handle the appeal at the ***Gagnon II*** hearing. On 1/10/2014, this Court held a hearing on the motion. At the hearing, the Public Defender's Office stated they believed the appeal had no merit, but agreed that she never filed anything on behalf of Appellant despite agreeing to do so.

On January 13, 2014, this Court granted Appellant's motion and appointed Thomas Dreyer, Esquire, as new counsel for Appellant. This Court also reinstated Appellant's right to appeal ***nunc pro tunc*** from the ***Gagnon II*** hearing. On January 24, 2014, Appellant's counsel filed a timely notice of appeal. On January 27, 2014, this Court ordered Appellant to file a 1925(b) Statement of Matters Complained of on Appeal. Appellant filed a timely 1925(b) on February 18, 2014.

Trial Court Opinion, 2/24/14, at 2-4.

On appeal, Appellant raises the following issues for this Court's consideration:

1. Whether the trial court erred in failing to comply with [Appellant's] request for placement in an in-patient drug rehabilitation facility in lieu of jail?

2. Whether the trial court violated Pa.R.Crim.P. 708(D)(2) by failing to state on the record the reasons for the sentence imposed?

Appellant's Brief at 4 (capitalization and italicization omitted).

While Appellant's issues appear to challenge the discretionary aspects of his sentence, such challenges are unavailable in **parole** revocation cases. *Commonwealth v. Kalichak*, 943 A.2d 285, 291 (Pa. Super. 2008). "Following parole revocation and recommitment, the proper issue on appeal is whether the revocation court erred, as a matter of law, in deciding to revoke parole and, therefore, to recommit the defendant to confinement." *Id*. (citing *Commonwealth v. Mitchell*, 632 A.2d 934, 936 (Pa. Super. 1993)).  Accordingly, an appeal of a parole revocation is not an appeal of the discretionary aspects of sentence. *Id*.[3]

Here, however, Appellant presents no argument that the trial court erred in revoking his parole.  Rather, in the argument section of his brief, Appellant focuses on the issues listed above that present challenges to the trial court's discretion in imposing sentence.  We reiterate that such

---

[3] *Compare Commonwealth v. Cartrette*, 83 A.3d 1030 (Pa. Super. 2013) (holding that an appellant may raise a challenge to the discretionary aspects of a sentence imposed following the revocation of probation and that this Court's scope of review includes such challenges).  However, in the present case, we are not faced with a challenge to a new sentence following the revocation of **probation**.  Here, there was a revocation of **parole**.  An order revoking parole, as opposed to probation, does not impose a new sentence – rather, it requires the appellant to serve the balance of a valid sentence previously imposed. *Mitchell*, 632 A.2d at 936.  "Moreover, such a recommittal is just that – a recommittal and not a sentence." *Id*. (citation omitted).  When parole is revoked, the court is not free to impose a new sentence. *Id*.

challenges are not available in parole revocation cases. *Kalichak*, 943 A.2d at 293. Therefore, Appellant is entitled to no relief.

Additionally, even if we were to construe Appellant's issues as alleging that the trial court erred as a matter of law in deciding to revoke parole, we would conclude there was no error. It is undisputed that Appellant violated his parole by failing to complete drug and alcohol rehabilitation and by committing the new crimes of arson and recklessly endangering another person. N.T., *Gagnon II* Hearing, 10/9/13, at 7-9. Appellant has been afforded previous opportunities for drug rehabilitation, and the fact that Appellant has failed to comply with the trial court's mandates relating to that treatment supports the trial court's decision to recommit Appellant rather than order treatment in lieu of confinement. *Id*. at 5-7. Moreover, the trial court's discussion of Appellant's past failures at rehabilitation and Appellant's new convictions provide ample reasons for recommitment. *Id*. at 5-11. Accordingly, because there is no dispute that Appellant violated his parole, there was no error in the trial court revoking Appellant's parole and recommitting him. *Kalichak*, 943 A.2d at 291; 42 Pa.C.S.A. § 9776.

For the reasons set forth above, we conclude that Appellant failed to properly present any issue for this Court's consideration. Therefore, we affirm the judgments of sentence entered on October 9, 2013.

Judgments of sentence affirmed.

Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/17/2014