J-S05037-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| SHAWN BUTLER, | : | |
| | : | |
| Appellant | : | No. 2226 EDA 2013 |

Appeal from the Judgment of Sentence Entered June 26, 2013
in the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0002055-2009

BEFORE:  ALLEN, STABILE, and STRASSBURGER*, JJ.

MEMORANDUM BY STRASSBURGER, J.:          **FILED OCTOBER 21, 2014**

Shawn Butler (Appellant) appeals from the judgment of sentence entered on June 26, 2013, after the trial court revoked his parole and sentenced him to 188 days of incarceration.  In addition, Appellant's counsel has filed a petition to withdraw and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  We affirm the judgment of sentence and grant the petition to withdraw.

This Court previously summarized this matter as follows.

> After a negotiated guilty plea on August 25, 2009, Appellant was convicted of [s]imple [a]ssault. He was sentenced to a term of three to twelve months, which was to be served on [e]lectronic [h]ome [m]onitoring.

---

* Retired Senior Judge assigned to the Superior Court

> A **Gagnon II**[1] hearing was held on September 24, 2010. At this hearing, Appellant was sentenced to his full back time of 273 days, but was granted immediate parole.
>
> ---
> 1 **Gagnon v. Scarpelli**, 411 U.S. 778 (1973).
> ---
>
> Subsequently, another bench warrant was issued. At the **Gagnon II** hearing held on June 26, 2013, Appellant stipulated to notice and violation, but contested the sentence. After argument by defense counsel, the Parole and Probation Officer, and the prosecutor, Appellant was sentenced to receive his full back time of 188 days of incarceration. He was ordered to be released upon his max date of December 10, 2013.
>
> During his **Gagnon II** hearing, Appellant was represented by John Baldini, Esquire. The record reflects that Attorney Baldini never withdrew as counsel for Appellant. However, Attorney Baldini took no further action on Appellant's behalf, and Appellant proceeded *pro se*. On July 9, 2013, Appellant filed a *pro se* motion for reconsideration of sentence. Appellant then timely filed a *pro se* notice of appeal on July 17, 2013. The trial court['s] docket indicates that these *pro se* filings were not sent to Attorney Baldini, but were instead forwarded to Robert Marc Gamburg, Esquire, who is listed as Appellant's attorney of record. It does not appear from the certified record that Attorney Gamburg ever entered his appearance or filed anything for Appellant. Curiously, Appellant indicated in both of these *pro se* filings that he was represented by a third attorney, Walter Breslin, Esquire. However, like Attorney Gamburg, Attorney Breslin never entered his appearance or filed anything. On July 29, 2013, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925. Appellant did not comply. The trial court then denied Appellant's *pro se* motion for reconsideration of sentence on August 26, 2013.

**Commonwealth v. Butler**, No. 2226 EDA 2013, unpublished memorandum at 1-3 (Pa. Super. filed March 3, 2014) (citation and footnote 2 omitted).

On appeal, Appellant filed a *pro se* brief wherein he attempted to raise a number of claims. However, due the confused status of Appellant's

representation by counsel, this Court did not reach the merits of the issues Appellant presented in his brief. Instead, this Court remanded the matter to the trial court with instructions to hold a hearing within 60 days of March 3, 2014.

More specifically, this Court asked the trial court to determine who, if anyone, represents Appellant. The Court further directed the trial court as follows.

If Appellant remains represented, the trial court will assess

(1) whether [Appellant's attorney] wishes to withdraw and, if so, whether the trial court will permit such withdrawal; (2) whether Appellant wishes to proceed *pro se*; (3) if Appellant does wish to proceed *pro se*, to hold a colloquy to determine whether he knowingly and intelligently waives his right to counsel; (4) if [Appellant's attorney] is permitted to withdraw and Appellant does not wish to proceed *pro se*, to determine whether Appellant is eligible for court appointed counsel on direct appeal and to appoint counsel if appropriate.

Further, the trial court shall instruct counsel, or Appellant if he chooses to proceed *pro se*, to file a Rule 1925 statement. The trial court shall then file a supplemental opinion.

*Id.* at 4-5 (citation and footnote omitted).

According to the trial court, it held

a hearing on March 27, 2014, to determine if Appellant wished to proceed *pro se* or have counsel appointed. [Appellant] told the [trial court that] he did not want to proceed *pro se* and wanted counsel to be appointed to assist him. [The trial court] filed an order in open court directing the Office of the Public Defender to represent [Appellant] for purposes of appeal.

On March 31, 2014, the Delaware County Office of the Public Defender entered its appearance. [The trial court] issued

- 3 -

a 1925(b) [o]rder on March 31, 2014. On April 17, 2014, counsel for [Appellant] filed a statement of his intent to file an ***Anders*** brief. [The trial court then filed an opinion.]

Trial Court Opinion, 6/11/2014, at 2-3. Appellant's counsel subsequently filed in this Court a petition to withdraw his representation of Appellant and an ***Anders*** brief.

While the trial court did not follow the remand procedure this Court outlined in its March 3, 2014 memorandum, we nonetheless can resolve this matter. The following principles guide our review.

> Direct appeal counsel seeking to withdraw under ***Anders*** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an ***Anders*** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof….
>
> ***Anders*** counsel must also provide a copy of the ***Anders*** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.
>
> If counsel does not fulfill the aforesaid technical requirements of ***Anders***, this Court will deny the petition to withdraw and remand the case with appropriate instructions (e.g., directing counsel either to comply with ***Anders*** or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy ***Anders***, we will then undertake our own review of the appeal to determine if it is wholly frivolous. If the appeal is frivolous, we will grant the withdrawal petition and affirm the judgment of sentence. However, if there are non-frivolous issues, we will deny the petition and remand for the filing of an advocate's brief.

***Commonwealth v. Wrecks***, 931 A.2d 717, 720-21 (Pa. Super. 2007) (citations omitted).

Our Supreme Court has clarified portions of the *Anders* procedure:

Accordingly, we hold that in the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

We find that counsel has complied substantially with the requirements of *Anders* and *Santiago*. We, therefore, will undertake a review of the appeal to determine if it is wholly frivolous.

Counsel has presented this Court with one issue that he believes would arguably support this appeal, namely, "Whether the sentence of full back time (1[8]8 days) was harsh and excessive under the circumstances?" *Anders* Brief at 1 (italics omitted).

Unlike a probation revocation, a parole revocation does not involve the imposition of a new sentence. Indeed, there is no authority for a parole-revocation court to impose a new penalty. Rather, the only option for a court that decides to revoke parole is to recommit the defendant to serve the already-imposed, original sentence. At some point thereafter, the defendant may again be paroled.

Therefore, the purposes of a court's parole-revocation hearing—the revocation court's tasks—are to determine whether the parolee violated parole and, if so, whether parole remains a viable means of rehabilitating the defendant and deterring future antisocial conduct, or whether revocation, and thus recommitment, are in order. The Commonwealth must prove the violation by a preponderance of the evidence and, once it

- 5 -

does so, the decision to revoke parole is a matter for the court's discretion. In the exercise of that discretion, a conviction for a new crime is a legally sufficient basis to revoke parole.

Following parole revocation and recommitment, the proper issue on appeal is whether the revocation court erred, as a matter of law, in deciding to revoke parole and, therefore, to recommit the defendant to confinement. Accordingly, an appeal of a parole revocation is not an appeal of the discretionary aspects of sentence.

As such, a defendant appealing recommitment cannot contend, for example, that the sentence is harsh and excessive. Such a claim might implicate discretionary sentencing but it is improper in a parole-revocation appeal. Similarly, it is inappropriate for a parole-revocation appellant to challenge the sentence by arguing that the court failed to consider mitigating factors or failed to place reasons for sentence on the record. Challenges of those types again implicate the discretionary aspects of the underlying sentence, not the legal propriety of revoking parole.

*Commonwealth v. Kalichak*, 943 A.2d 285, 290-91 (Pa. Super. 2008)

(citations and footnote omitted).

Here, because Appellant admitted that he violated his parole by committing another crime, any challenge to the trial court's decision to revoke Appellant's parole would be frivolous. Moreover, as the above-cited case law makes clear, any claim that Appellant's sentence is harsh and excessive is frivolous, as the court was bound to sentence Appellant as it did. Because we agree with counsel that this appeal is frivolous, we grant counsel's petition to withdraw and affirm the judgment of sentence.

Judgment of sentence affirmed. Petition to withdraw granted.

J-S05037-14

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/21/2014