J-S57043-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RASHID CURTIS | |
| Appellant | No. 2871 EDA 2014 |

Appeal from the Judgment of Sentence entered September 15, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-003689-2012

BEFORE:  MUNDY, OTT, and STABILE, JJ.

MEMORANDUM BY STABILE, J.                **FILED FEBRUARY 23, 2016**

Appellant, Rashid Curtis, appeals from the judgment of sentence entered in the Court of Common Pleas of Philadelphia County (trial court) on September 15, 2014.  Upon review, we affirm.

In its Pa.R.A.P. 1925(a) opinion, the trial court summarized the relevant background as follows:

> [Appellant] first appeared before this [c]ourt on November 18, 2013, when he pled guilty to Robbery, a felony of the first degree; Conspiracy [t]o Commit Robbery, a felony of the first degree; Possessing [a]n Instrument [o]f Crime, a misdemeanor of the first degree; and Recklessly Endangering Another Person, a misdemeanor of the second degree.  This [c]ourt sentenced [Appellant] to: 11½ to 23 months incarceration followed by 72 months reporting probation for Robbery, 98 months reporting probation on the Conspiracy charge, 24 months reporting probation on the Recklessly Endangering Another Person charge, and 60 months reporting probation for Possessing [a]n Instrument [o]f Crime.  [Appellant] was eligible for a county reentry program and was also credited with 22 months for time served.

[Appellant] began his probationary sentences on November 18, 2013. [Appellant] reported only two times, December 4, 2013 and January 8, 2014. When [Appellant] reported on January 8th, he took a drug test, and his urine tested positive for marijuana. [Appellant] failed to respond to further instructions requiring him to report. A warrant for absconding from supervision was requested on February 3, 2014 and [Appellant] was taken into custody on June 14, 2014.

[Appellant] next appeared before this [c]ourt on July 8, 2014 at a Violation of Probation (VOP) hearing. At this hearing, this [c]ourt revoked [Appellant's] probation and ordered a Presentence Investigation (PSI) be done.

On September 15, 2014, after reviewing the PSI report, and hearing from both attorneys as well as [Appellant], this [c]ourt sentenced [Appellant] to 30-84 months state incarceration followed by 60 months of reporting probation for Robbery, 72 months reporting probation for Conspiracy To Commit Robbery, 60 months reporting probation for Possessing An Instrument Of Crime, and 1 year of reporting probation for Recklessly Endangering Another Person.

Trial Court Opinion ("T.C.O."), 1/13/15, at 1-3 (some footnotes omitted).[1]

Appellant filed an untimely post-sentence motion, "Petition To Vacate And Reconsider Sentence *Nunc Pro Tunc*," on October 1, 2014. The trial court denied the petition on October 2, 2014. *Id.* at 4 n.5.

On appeal, Appellant argues only that the trial court abused its discretion when it sentenced him to two and one-half to seven years of incarceration. Specifically, Appellant claims that this sentence "for a first time technical violation of probation was manifestly excessive and

_____

[1] The trial court noted that all Appellant's probationary sentences were consecutive to incarceration and concurrent with each other. T.C.O., 1/13/15, at 3 n.3.

unreasonable, and far in excess of what was necessary to foster [Appellant's] rehabilitation." Appellant's Brief at 11.

A challenge, like Appellant's, to the discretionary aspects of a sentence is not appealable as of right. ***Commonwealth v. Colon***, 102 A.3d 1033, 1042 (Pa. Super. 2014) *appeal denied*, 109 A.3d 678 (Pa. 2015).

> Before we reach the merits of this [issue], we must engage in a four part analysis to determine: (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code. . . . Finally, if the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

***Id.*** at 1042-43. Additionally, regarding part two of this analysis, "[w]hen a court revokes probation and imposes a new sentence, a criminal defendant needs to preserve challenges to the discretionary aspects of that new sentence either by objecting during the revocation sentencing or by filing a post-sentence motion." ***Commonwealth v. Kalichak***, 943 A.2d 285, 289 (Pa. Super. 2008).

Here, Appellant did not raise this issue during sentencing. Additionally, because Appellant's post-sentence motion was filed more than ten days after Appellant's sentencing, it was untimely pursuant to Pa.R.Crim.P. 720(A)(1). Therefore, Appellant's only issue raised on appeal is waived.

Even if not waived, Appellant's claim of a manifestly excessive and unreasonable sentence would fail on the merits. The trial court appropriately considered the PSI report and recognized the mandate of 42 Pa.C.S.A. § 9721 to impose a sentence consistent with the protection of the public, the gravity of the offenses in relation to the impact of the crime on the victim and the community, and Appellant's rehabilitative needs. T.C.O., 1/13/15, at 5-6. Further, the trial court explained its rationale for imposing a sentence of total confinement based on the likelihood Appellant would commit another crime if not incarcerated, considering the original violent act for which he was on probation and his "near-complete non-compliance with probation." *Id.* at 6 (references to Notes of Sentencing Hearing Testimony omitted). The trial court explained, "[Appellant] committed a violent crime that involved a man being beaten and kicked in the head, a high-powered rifle with an obliterated serial number, and a standoff with a swat team." *Id.* at 7 (references to Notes of Sentencing Hearing Testimony omitted). "These facts, the danger to the public inherent in a crime involving such facts, and [Appellant's] failure to accept any responsibility for his actions or show any amenability to rehabilitation provide ample justification for the sentence imposed by [the trial court.]" *Id.* The record supports the trial court's conclusion that Appellant's sentence was "reasonable and conforms to all statutory standards." *Id.* at 4 (footnote omitted).

Judgment of sentence affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>2/23/2016</u>