COMMONWEALTH of Pennsylvania,
Appellee

v.

Stephen KALICHAK, Appellant.

Superior Court of Pennsylvania.

Submitted Oct. 29, 2007.

Filed Jan. 30, 2008.

Patrick J. Connors, Public Defender, Media, for appellant.

George M. Green, Asst. Dist. Atty., Media, for Com., appellee.

BEFORE: BENDER, TAMILIA and COLVILLE *, JJ.

OPINION BY COLVILLE, J.:

¶ 1 This case involves two consolidated appeals from the judgments of sentence imposed following revocation of Appellant's probation and parole.[1] Appellant seeks to challenge the discretionary aspects of his sentence. Counsel has filed a petition to withdraw pursuant to *Anders v. Califor-*

---

\* Retired Senior Judge assigned to the Superior Court.

1. At 1201 EDA 2007, parole was revoked at No. CR 1781–05, Delaware County. At 1202 EDA 2007, probation was revoked at No. CR 4017–04.

*nia,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and an accompanying brief. We grant counsel's petition to withdraw and affirm the judgments of sentence.

### Facts

¶ 2 After being convicted of criminal trespass[2] and conspiracy to trespass,[3] Appellant was sentenced to incarceration of not less than thirty days and not more than twenty-three months for the trespass offense. The incarceration was followed by two years' probation for conspiracy.

¶ 3 Following his convictions for driving under the influence[4] ("DUI") and driving while his operator's license was suspended or revoked[5] ("DUS"), Appellant was sentenced to an aggregate imprisonment of not less than one hundred fifty days and not more than twenty three months. The sentencing court also imposed three years' probation on the DUI count, consecutive to incarceration. Appellant's DUI/DUS penalty ran concurrently with his trespass/conspiracy sentence.

¶ 4 Appellant served some portion of the above-specified incarceration periods. Eventually, he reached a point where he was on probation for conspiracy and parole for DUI. At that time, Appellant was then convicted of new offenses, including possession with intent to deliver a controlled substance. He was sentenced to time in prison on these new convictions.

¶ 5 As a result of his new convictions, the probation/parole court on the conspiracy/DUI cases found Appellant in violation of his probation and parole. Revoking Appellant's conspiracy probation, the court imposed a sentence of one to two years' imprisonment. Revoking his DUI parole,

the court recommitted him to serve four hundred ninety days' incarceration (his full back time) to be followed by the three years' probation that was originally imposed as part of his DUI penalty. The court made the new conspiracy sentence concurrent to the parole-violation time for DUI.

¶ 6 Appellant filed no motions following the revocation hearing but filed this appeal.

### Legal Principles

¶ 7 Several legal principles inform our analysis of this case.

¶ 8 *Requests to Withdraw as Counsel.* Recently we discussed the *Anders* process as follows:

> Direct appeal counsel seeking to withdraw under *Anders* must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an *Anders* brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof. A proper *Anders* brief does not explain why the issues are frivolous and does not develop arguments against the appellant's interests. Rather, the brief articulates the issues in neutral form, cites relevant legal authorities, references appropriate portions in the record to aid our review, and concludes that, after a thorough review of the record, the appeal is wholly frivolous. *Anders* counsel must also provide a copy of the *Anders* petition and brief to the appellant, advising the appellant of the right to retain new counsel, pro-

---

**2.** 18 Pa.C.S.A. § 3503(a)(1)(ii).

**3.** 18 Pa.C.S.A. § 903(a).

**4.** 75 Pa.C.S.A. § 3802.

**5.** 75 Pa.C.S.A. § 1543(b).

ceed *pro se* or raise any additional points worthy of this Court's attention. If counsel does not fulfill the aforesaid technical requirements of *Anders,* this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.,* directing counsel either to comply with *Anders* or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy *Anders,* we will then undertake our own review of the appeal to determine if it is wholly frivolous. If the appeal is frivolous, we will grant the withdrawal petition and affirm the judgment of sentence. However, if there are non-frivolous issues, we will deny the petition and remand for the filing of an advocate's brief.

*Commonwealth v. Wrecks,* 931 A.2d 717, 720, 721 (Pa.Super.2007) (*Wrecks I* )(internal citations omitted).

¶ 9 Subsequent to *Wrecks I,* we considered *Commonwealth v. Wrecks,* 934 A.2d 1287, 1290 (Pa.Super.2007) (*Wrecks II* ). There, we reviewed a brief that complied substantially, although not perfectly, with the *Anders* requirements. In particular, the brief met most of the *Anders* mandates but did not cite law relevant to one of the issues. Even still, the law germane to that particular issue was straightforward. We held that counsel's substantial compliance was adequate and, after reaching our own conclusion that the appeal was frivolous, permitted counsel to withdraw. *Id.*

■ ¶ 10 *Preservation of Issues.* Normally, issues not preserved in the lower court may not be raised on appeal. Pa. R.A.P. 302(a). For example, when a court revokes probation and imposes a new sentence, a criminal defendant needs to preserve challenges to the discretionary aspects of that new sentence either by objecting during the revocation sentencing or by filing a post-sentence mo-

tion. *Commonwealth v. Malovich,* 903 A.2d 1247, 1251 (Pa.Super.2006); Pa. R.Crim.P. 708(D).

■ ¶ 11 *Sentencing for Probation Violation.* Conviction of a new crime is a sufficient basis for a court to revoke a sentence of probation. *Commonwealth v. Mallon,* 406 A.2d 569, 571 (Pa.Super.1979). Upon revoking a defendant's probation and imposing a new sentence, a court has available to it essentially all the sentencing alternatives that existed at the time of the initial sentencing. 42 Pa.C.S.A. § 9771(b). Thus, if the original offense was punishable by total confinement, such a penalty is available to a revocation court, subject to the limitation that the court shall not impose total confinement unless it finds that: (1) the defendant has been convicted of another crime; (2) the defendant's conduct indicates a likelihood of future offenses; or (3) such a sentence is necessary to vindicate the court's authority. *Malovich,* 903 A.2d at 1253; 42 Pa.C.S.A. § 9771(c).

■ ¶ 12 An appellant wishing to appeal the discretionary aspects of a probation-revocation sentence has no absolute right to do so but, rather, must petition this Court for permission to do so. *Malovich,* 903 A.2d at 1250; 42 Pa.C.S.A. § 9781(b). Specifically, the appellant must present, as part of the appellate brief, a concise statement of the reasons relied upon for allowance of appeal. *Malovich,* 903 A.2d at 1250; Pa.R.A.P. 2119(f). In that statement, the appellant must persuade us there exists a substantial question that the sentence is inappropriate under the sentencing code. *Malovich,* 903 A.2d at 1250; Pa.R.A.P. 2119(f).

■ ¶ 13 In general, an appellant may demonstrate the existence of a substantial question by advancing a colorable argument that the sentencing court's actions were inconsistent with a specific provision

of the sentencing code or violated a fundamental norm of the sentencing process. *Malovich*, 903 A.2d at 1252. While this general guideline holds true, we conduct a case-specific analysis of each appeal to decide whether the particular issues presented actually form a substantial question. *Id.* Thus, we do not include or exclude any entire class of issues as being or not being substantial. *Id.* Instead, we evaluate each claim based on the particulars of its own case. *Id.*

 ¶ 14 It is important to note that this Court is not persuaded by bald assertions or the invocation of special words in a concise statement of reasons. *Id.* To the contrary, a concise statement must articulate the way in which the court's conduct violated the sentencing code or process. *Id.*

 ¶ 15 If an appellant convinces us that a claim presents a substantial question, then we will permit the appeal and will proceed to evaluate the merits of the sentencing claim. *Id.* When we do so, our standard of review is clear: Sentencing is vested in the sound discretion of the court and will not be disturbed absent an abuse of that discretion. *Id.* at 1252, 1253. Moreover, an abuse of discretion is not merely an error in judgment. *Id.* Instead, it involves bias, partiality, prejudice, ill-will, or manifest unreasonableness. *Id.*

¶ 16 Likewise, we are mindful of the general rule that a sentencing court should impose a sentence consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant. 42 Pa.C.S.A. § 9721(b). Where the court imposes a sentence for a felony or misdemeanor, the court shall make part of the record, and disclose in open court during sentencing, a statement of the reasons for the sentence imposed. *Id.* At the same time, the court is not required to parrot the words of the sentencing code, stating every factor relevant under 42 Pa. C.S.A. § 9721(b). *Commonwealth v. Cappellini*, 456 Pa.Super. 498, 690 A.2d 1220, 1226 (1997). Instead, the record as a whole must reflect due consideration by the court of the offense and the character of the offender. *Malovich*, 903 A.2d at 1253.

 ¶ 17 *Revocation of Parole.* Unlike a probation revocation, a parole revocation does not involve the imposition of a new sentence. *Commonwealth v. Mitchell*, 429 Pa.Super. 435, 632 A.2d 934, 936 (1993). Indeed, there is no authority for a parole-revocation court to impose a new penalty. *Id.* Rather, the only option for a court that decides to revoke parole is to recommit the defendant to serve the already-imposed, original sentence. *Id.* At some point thereafter, the defendant may again be paroled. *Id.*[6]

 ¶ 18 Therefore, the purposes of a court's parole-revocation hearing—the revocation court's tasks—are to determine whether the parolee violated parole and, if so, whether parole remains a viable means of rehabilitating the defendant and deterring future antisocial conduct, or whether revocation, and thus recommitment, are in order. *Mitchell*, 632 A.2d at 936, 937.

---

**6.** Plainly, we are speaking of cases where the authority to grant and revoke parole is in the hands of the original sentencing court. Such cases occur when the maximum term of the original sentence involves incarceration of less than two years. *Commonwealth v. Tilghman*, 438 Pa.Super. 313, 652 A.2d 390, 391 (1995); 61 P.S. § 331.26. When the sentence actually imposed on a defendant includes a maximum term of two years or more, the authority to parole rests not with the sentencing court but with the Pennsylvania Board of Probation and Parole. *Tilghman*, 652 A.2d at 391; 61 P.S. §§ 331.17, 331.21.

The Commonwealth must prove the violation by a preponderance of the evidence and, once it does so, the decision to revoke parole is a matter for the court's discretion. *Id.* at 937. In the exercise of that discretion, a conviction for a new crime is a legally sufficient basis to revoke parole. *Commonwealth v. Galletta*, 864 A.2d 532, 539 (Pa.Super.2004).

■■■ ¶ 19 Following parole revocation and recommitment, the proper issue on appeal is whether the revocation court erred, as a matter of law, in deciding to revoke parole and, therefore, to recommit the defendant to confinement. *Mitchell*, 632 A.2d at 936. Accordingly, an appeal of a parole revocation is not an appeal of the discretionary aspects of sentence. *Id.*

■■■ ¶ 20 As such, a defendant appealing recommitment cannot contend, for example, that the sentence is harsh and excessive. *Galletta*, 864 A.2d at 539. Such a claim might implicate discretionary sentencing but it is improper in a parole-revocation appeal. *Id.* Similarly, it is inappropriate for a parole-revocation appellant to challenge the sentence by arguing that the court failed to consider mitigating factors or failed to place reasons for sentence on the record. *Commonwealth v. Shimonvich*, 858 A.2d 132, 135 (Pa.Super.2004). Challenges of those types again implicate the discretionary aspects of the underlying sentence, not the legal propriety of revoking parole. *Id.*

### Analysis

¶ 21 *Anders.* Counsel's petition to withdraw avers, *inter alia*, that, after reviewing the case, counsel found a complete lack of issues, thus making this appeal wholly frivolous. The certificate of service indicates the petition was sent by counsel to Appellant. Moreover, attached to the petition is a letter from counsel to Appellant advising the latter of his rights pursuant to *Anders.*

¶ 22 Counsel's brief sets forth two issues as arguably supporting the appeal. The brief does contain some case and statutory citations along with limited references to the record. Counsel does not argue against Appellant and does not explain why the appeal is frivolous. Primarily, the brief sets forth the issues in a relatively neutral fashion, although, to some very limited extent, counsel's discussion argues for Appellant's position, thus approaching an advocate's brief more than an *Anders* brief. To the degree that counsel's brief can be read as advocating Appellant's position, we surely see no harm to Appellant. In sum, we find counsel has complied substantially, although not perfectly, with *Anders.* We will therefore conduct our own review of this appeal.

■■■ ¶ 23 *Probation-revocation Sentence.* Appellant's brief contains a petition for allowance of appeal of the discretionary aspects of sentence wherein he seeks to challenge the probation-revocation sentence as being harsh and excessive. Specifically, he complains the sentence was inappropriate in light of his personal circumstances such as his age, his completion of a drug and alcohol program and a safe-driving class, his completion of half his community-service requirement on the DUI case, and the fact that he was employed prior to the revocation.

¶ 24 Although Appellant discussed his personal circumstances during the revocation hearing, he did not object to the probation-revocation sentence as being harsh and excessive. He filed no motions challenging the court's decision. Accordingly, this issue has been waived. Having been waived, pursuing this matter on direct appeal is frivolous.

¶ 25 Moreover, even if this issue had not been waived, we find its substance to be

frivolous. It is true that, as Appellant suggests, the record contains a recitation of Appellant's personal circumstances, discussed *supra*, that appear to be relevant to his sentencing. It is also true that a claim of a harsh or excessive sentence can, at times, raise a substantial question. *Malovich*, 903 A.2d at 1252. Nevertheless, there is no indication in the record that the sentencing court failed to consider the aforesaid personal circumstances, or ignored mandatory factors under 42 Pa. C.S.A. § 9721(b), or in any other way imposed a harsh and excessive sentence, disproportionate to the underlying violations or circumstances.

¶ 26 Case-specific assertions of those kinds might form a substantial question. *See Malovich*, 903 A.2d at 1253. However, having reviewed the record, we find it would be frivolous to make any such assertion concerning the sentencing court's actions. The court did, for example, recite Appellant's personal circumstances during sentencing. The court also stated that it took into account the comments of counsel, the probation department's recommendations and the seriousness of the offense. It is true that the court did not parrot every word and relevant factor in 42 Pa. C.S.A. § 9721(b), but the court's comments reveal due consideration for the facts of the case and Appellant's characteristics, and the court placed its reasons for sentence on the record. Additionally, there is simply no hint of bias, partiality, prejudice, ill-will or manifest unreasonableness by the court. Therefore, we find no abuse of discretion.

¶ 27 We note as well the record reveals Appellant was convicted of new criminal offenses while on probation, thus violating his probation. In fact, during the revocation hearing, Appellant stipulated that he was in violation. Accordingly, there were sufficient grounds to revoke his probation.

¶ 28 Moreover, we observe that total confinement was authorized in this case. Criminal trespass under 18 Pa. C.S.A. § 3503(a)(1)(ii) is a felony of the second degree. 18 Pa.C.S.A. § 3503(a)(2). As such, Appellant's conspiracy conviction was also a second-degree felony. 18 Pa. C.S.A. § 905(a). The conspiracy offense was therefore punishable by incarceration of up to ten years. 18 Pa.C.S.A. §§ 1103(2). Accordingly, total confinement was available to the court at the time of original sentencing and, because Appellant's violation arose from a new conviction, total confinement was also available upon revocation of probation.

¶ 29 Finally, although Appellant has not raised a claim of an illegal sentence, we note the particular length of confinement imposed by the revocation court in this case was legal, being within statutory limits.

¶ 30 In sum, the record reveals no colorable argument that the sentence imposed by the revocation court violated the sentencing code or otherwise offended the sentencing process. There are no non-frivolous bases upon which to grant allowance of appeal with respect to the discretionary aspects of sentence. Also, there is no evidence that Appellant's sentence was illegal. Consequently, we find the appeal of Appellant's probation-revocation sentence to be wholly frivolous.

¶ 31 *Parole-revocation Sentence.* With respect to his parole-revocation, Appellant seeks to raise the same challenge as in his probation-revocation matter. That is, he asks for permission to appeal his recommitment as being harsh and excessive in light of his circumstances. This claim is a purported attack on the discretionary aspects of a sentence. However,

Appellant has no right to raise such a claim. It is not a proper attack on a parole revocation. Thus, it is wholly frivolous.

¶ 32 While it would be theoretically proper for Appellant to attempt a challenge to the propriety of the court's exercise of discretion in revoking parole, Appellant did not preserve by objection during revocation or by motion thereafter, any such challenge. As any such issue was waived, it would be frivolous to pursue it on this appeal.

¶ 33 Even aside from waiver, however, a challenge to the court's ruling would be frivolous. Appellant's new convictions were sufficient grounds for the court to revoke parole and, therefore, recommit him. The court did exactly that—recommit him, not resentence him. There is no indication that the court abused its discretion in doing so. Claims to the contrary would be wholly frivolous.

¶ 34 In conclusion, we find this appeal to be wholly frivolous, grant counsel's petition to withdraw, and affirm the judgments of sentence.

¶ 35 Counsel's petition to withdraw granted. Judgments of sentence affirmed.