J-S34040-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CHRISTINE SEARFOSS | |
| Appellant | No. 1822 MDA 2014 |

Appeal from the Judgment of Sentence entered August 21, 2014
In the Court of Common Pleas of Luzerne County
Criminal Division at Nos.: CP-40-CR-0004334-2012 and
CP-40-CR-0000955-2013

BEFORE: BOWES, OTT, and STABILE, JJ.

MEMORANDUM BY STABILE, J.: **FILED SEPTEMBER 14, 2015**

Appellant Christine Searfoss appeals from the judgment of sentence

entered in the Court of Common Pleas of Luzerne County ("trial court")

following Appellant's **Gagnon II**[1] hearing on August 21, 2014. The trial

court determined Appellant violated the terms of her parole and, as a result,

_____

[1] **Gagnon v. Scarpelli**, 411 U.S. 778 (1973), the Supreme Court
determined a two-step procedure was required before a parole or probation
may be revoked:

> [A] parolee [or probationer] is entitled to two hearings, one a
> preliminary hearing [**Gagnon I**] at the time of his arrest and
> detention to determine whether there is probable cause to
> believe that he has committed a violation of his parole [or
> probation], and the other a somewhat more comprehensive
> hearing [**Gagnon II**] prior to the making of a final revocation
> decision.

**Id.** at 781-82.

ordered her to serve the remainder of her sentence. Upon review, we affirm.

The facts and procedural history underlying this case are undisputed. On September 13, 2012, Appellant was charged with, *inter alia*, forgery[2] and access device fraud[3] at docket number 4334 of 2012 ("First Case"). While the First Case was pending, on March 2, 2013, Appellant was charged with retail theft[4] at docket number 955 of 2013 ("Second Case"). Appellant ultimately pled guilty to access device fraud in the First Case and retail theft in the Second Case and was sentenced to two years' probation for both cases on October 30, 2013.

Thereafter, Appellant was accused of violating the terms of her probation because of her arrest for criminal trespass, disorderly conduct, and harassment on June 4, 2014. Following a **Gagnon II** hearing, on July 28, 2014, the trial court revoked Appellant's probation and sentenced her to 43 days (time served) to 18 months' imprisonment. Appellant was paroled the same day.

Appellant, subsequently, was accused of violating her parole because of her July 31, 2014 arrest for sale or illegal use of certain solvents. On

_____

[2] 18 Pa.C.S.A. § 4101(a)(2).

[3] 18 Pa.C.S.A. § 4106(a)(1)(ii).

[4] 18 Pa.C.S.A. § 3929(a)(1).

August 21, 2014, the trial court conducted a *Gagnon II* hearing in connection with Appellant's alleged parole violation. At the hearing, Appellant, through counsel, admitted to the underlying arrest. *See* N.T. Revocation Hearing, 8/21/14, at 2 ("This, too, will be an admission to the arrest[.]"). After admitting to the arrest, Appellant spent the majority of the hearing attempting to convince the trial court to impose upon her a lenient sentence. *Id.* at 4-9. In so doing, she admitted to the parole violation to demonstrate to the court that she accepted responsibility for her actions.

> [Defense counsel:] Your Honor, [Appellant] does understand that she's done wrong. She is being forthcoming with the [c]ourt in **admitting this violation**, and as well as apologetic that she has caught these new charges. She **understands** that there are consequences to her actions.
>
> [Trial court:] I'm not really sure that she understands that.
>
> [Appellant:] **I do.**

*Id.* at 7 (emphasis added). The trial court ultimately directed Appellant to serve the remainder of her 18-month sentence in prison.

On August 28, 2014, Appellant moved for reconsideration of sentence, acknowledging in part that "[o]n August 21, 2014, [she] **admitted to a violation of her parole** and was remanded to [Luzerne County Correctional Facility] by the [trial court] to remain incarcerated until her Max Date of 12/15/2015." Motion to Reconsider Sentence, 8/28/14, at ¶ 2 (emphasis added). In her reconsideration motion, Appellant challenged only the discretionary aspects of her sentence, arguing that "the sentence imposed upon her was unduly harsh." *Id.* at ¶ 5. Accordingly, Appellant requested a

"less severe term of incarceration." *Id.* On August 29, 2014, the trial court denied Appellant's motion for reconsideration. Appellant timely appealed to this Court.[5]

On appeal, Appellant raises only one assertion of error. She argues "the trial court erred by revoking [Appellant's] parole where the Commonwealth failed to present evidence sufficient to establish by a preponderance of the evidence that [Appellant] violated her parole[.]" Appellant's Brief at 1.

The Commonwealth has the burden to prove a parole violation by a preponderance of the evidence. *Commonwealth v. Kalichak*, 943 A.2d 285, 291 (Pa. Super. 2008). The decision to revoke parole is subject to the discretion of the trial court. *Id.*

Here, Appellant argues the Commonwealth failed to present any evidence to sustain the revocation of her parole and the attendant sentence. Appellant, consequently, argues the trial court abused its discretion in revoking her parole because the court did so only based on her "admission to the arrest itself[.]" Appellant's Brief at 3. In support of her argument,

_____

[5] Appellant filed a Pa.R.A.P. 1925(b) statement of errors complained of on appeal, arguing for the first time that the trial court erred in revoking her parole because the Commonwealth failed to establish a parole violation. In response, the trial court issued a Pa.R.A.P. 1925(a) opinion.

Appellant relies on this Court's decision in **Commonwealth v. Sims**, 770 A.2d 346 (Pa. Super. 2001). We disagree.

As noted above, the Commonwealth did not need to present evidence of Appellant's parole violation when Appellant admitted to the same. Contrary to Appellant's contention, she did not simply admit to the arrest itself at the revocation hearing. Our review of the transcript, as recited earlier, indicates that Appellant acknowledged the parole violation and accepted the consequences of the violation in her attempt to obtain a lenient sentence. In fact, following the revocation of her parole, Appellant confirmed in the reconsideration motion that she had admitted to violating her parole. Accordingly, given the admission, we reject as disingenuous Appellant's contention that the Commonwealth failed to establish that she violated her parole.

Appellant relies on **Sims** for the proposition that "mere arrest does not constitute violation of probation." **Id.** at 3. We find Appellant's reliance on **Sims** to be misplaced. In **Sims**, following a **Gagnon II** hearing, the trial court revoked the appellant's probation because the appellant waived his right to a **Gagnon I** hearing. **See Sims**, 770 A.2d at 350. In so doing, the trial court concluded the appellant's waiver of the **Gagnon I** hearing constituted admission by the appellant that he had violated the terms of his probation. **Id.** at 351. This Court disagreed. In reversing the trial court, we held the court "erred by concluding that the waiver of the **Gagnon I** hearing by appellant was sufficient to revoke his probation." **Id.** at 353. We

- 5 -

also found the Commonwealth failed to present any evidence that the appellant had violated his probation. *Id.*

This case is wholly distinguishable from **Sims**. Instantly, the trial court **did not revoke** Appellant's parole because of a **Gagnon I** waiver. Rather, it revoked Appellant's parole because Appellant admitted at the **Gagnon II** hearing that she violated her parole. Moreover, given her admission, the Commonwealth did not need to present further evidence of parole violation. Based on the circumstances of this case, specifically Appellant's admission to the violation, we discern no basis upon which to conclude the trial court abused its discretion in revoking Appellant's parole.[6]

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/14/2015

_____

[6] The trial court notes Appellant subsequently pled guilty to the charges giving rise to the parole violation. Trial Court Opinion, 12/5/14, at 5. We, however, observe the record does not contain any evidence on this issue.