J-S78011-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TROY HOGAN, | |
| Appellant | No. 1886 WDA 2015 |

Appeal from the Judgment of Sentence Entered November 4, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0007977-2009

BEFORE:  BENDER, P.J.E., OTT, J., and FITZGERALD, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                    **FILED DECEMBER 02, 2016**

Appellant, Troy Hogan, appeals from the judgment of sentence of 30 to 120 months' incarceration, imposed after the court revoked his prior sentence of probation for the offense of possession with intent to deliver (PWID).  Appellant argues that the court failed to consider his rehabilitative needs in fashioning his sentence.  After careful review, we affirm.

The trial court briefly summarized the procedural history of Appellant's case, as follows:

> [Appellant] originally pled guilty to one count of [PWID] cocaine on April 26, 2010 and he was sentenced to a term of imprisonment of not less than 18 months nor more than 36 months followed by three years' probation.  The sentence was imposed pursuant to a negotiated plea agreement which also included [Appellant's] pleading guilty in another case in this

_____

[*] Former Justice specially assigned to the Superior Court.

[c]ourt (CC 200907633) to [PWID] Methylenedioxymethamphetamine (Ecstasy) for a concurrent period of incarceration of [9] to 18 months[,] and yet another case (CC 200918240) for a concurrent period of incarceration of [15] to [30] months for a felony charge of Escape. At the time of that sentencing (April 26, 2010), [Appellant] had already been convicted of possessing cocaine with intent to deliver it in this [c]ourt (CC 200400569) and had been sentenced to serve a state sentence of [15] to [30] months' incarceration. In addition to the prior felony conviction for [PWID] cocaine …, [Appellant] had been convicted of possessing heroin (CC 200709173) and possessing heroin and cocaine (CC 200907919).

On May 28, 2014, [Appellant] appeared before this [c]ourt to address allegations that he violated the terms of his probation. This [c]ourt revoked the original term of probation and imposed a new 3-year term of probation.

On November 4, 2015, [Appellant] appeared again before this [c]ourt to address allegations that he violated probation for a second time. The probation violation was based on [Appellant's] plea of guilty in the Court of Common Pleas of Blair County to [PWID] heroin on September 26, 2014. He received a sentence of not less than 2 nor more than 5 years['] incarceration relative to that conviction. This [c]ourt revoked the term of probation in this case and imposed the sentence set forth above to be served consecutively to the Blair County sentence.

Trial Court Opinion (TCO), 1/19/16, at 1-2.

Appellant filed a timely motion for reconsideration of his sentence, which the court denied. He then filed a timely notice of appeal, and also timely complied with the court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Herein, he presents one issue for our review:

I. Was the sentence of 30-120 months of incarceration manifestly excessive and an abuse of discretion where the court did not consider the sufficiency of sanctions already imposed and the availability of community-based resources to address [Appellant's] serious rehabilitative needs?

Appellant's Brief at 4 (unnecessary capitalization and emphasis omitted).

We begin by noting that:

An appellant wishing to appeal the discretionary aspects of a probation-revocation sentence has no absolute right to do so but, rather, must petition this Court for permission to do so. Specifically, the appellant must present, as part of the appellate brief, a concise statement of the reasons relied upon for allowance of appeal. In that statement, the appellant must persuade us there exists a substantial question that the sentence is inappropriate under the sentencing code.

In general, an appellant may demonstrate the existence of a substantial question by advancing a colorable argument that the sentencing court's actions were inconsistent with a specific provision of the sentencing code or violated a fundamental norm of the sentencing process. While this general guideline holds true, we conduct a case-specific analysis of each appeal to decide whether the particular issues presented actually form a substantial question. Thus, we do not include or exclude any entire class of issues as being or not being substantial. Instead, we evaluate each claim based on the particulars of its own case.

It is important to note that this Court is not persuaded by bald assertions or the invocation of special words in a concise statement of reasons. To the contrary, a concise statement must articulate the way in which the court's conduct violated the sentencing code or process.

*Commonwealth v. Kalichak*, 943 A.2d 285, 289-90 (Pa. Super. 2008) (citations omitted).

Appellant has provided us with a concise statement of the reasons relied upon for allowance of appeal in accordance with Pa.R.A.P. 2119(f).  In that statement, Appellant asserts that the trial court violated 42 Pa.C.S. § 9721(b) by imposing a sentence without considering his rehabilitative needs. *See* Appellant's Brief at 9-11.  We conclude that Appellant has presented a substantial question for our review.  *See Commonwealth v. Riggs*, 63

A.3d 780, 786 (Pa. Super. 2012) (finding the appellant presented a substantial question by arguing "that the trial court failed to consider relevant sentencing criteria, including the protection of the public, the gravity of the underlying offense and the rehabilitative needs of [the] [a]ppellant, as 42 Pa.C.S.A. § 9721(b) requires…."). Therefore, we now will assess the merits of Appellant's sentencing claim.

> When we do so, our standard of review is clear: Sentencing is vested in the sound discretion of the court and will not be disturbed absent an abuse of that discretion. Moreover, an abuse of discretion is not merely an error in judgment. Instead, it involves bias, partiality, prejudice, ill-will, or manifest unreasonableness.

*Kalichak*, 943 A.2d at 290 (citations omitted).

Here, Appellant argues that the trial court abused its discretion in fashioning his sentence by failing to consider his rehabilitative needs, and also by not taking into account the fact that Appellant "had already served a substantial period of incarceration in a state correctional institution and had been engaged in rehabilitative programming at the prison." Appellant's Brief at 13. Essentially, Appellant stresses that "periods of incarceration [have] had little impact on controlling [his] continued use of controlled substances" and, thus, his "rehabilitative needs would best be met by continued out-patient treatment available in the community setting." *Id.*

Appellant's argument fails to convince us that the trial court abused its sentencing discretion. In its Rule 1925(a) opinion, the trial court explains the considerations and rationale underlying Appellant's sentence, as follows:

This [c]ourt considered the contents of the presentence report. [Appellant] is forty-one years old. He has been involved in drug-dealing activity for well over ten years. This [c]ourt noted that [Appellant] was provided with ample opportunities to conform his conduct to the dictates of the law but he continues to choose not to do so. [Appellant] has had multiple prior drug-dealing convictions that resulted in state prison sentences being imposed. Although [Appellant] claims that drug use was the cause of his problems and this [c]ourt believes that some sort of rehabilitation may be beneficial, this [c]ourt was and is convinced that [Appellant's] conscious, repeated decisions to distribute drugs on the street require a substantial period of incarceration. This [c]ourt believes that any rehabilitation and treatment should occur while [Appellant] is incarcerated. In sum, this [c]ourt imposed the sentence it did because of [Appellant's] persistence in participating in drug trafficking despite having already served substantial prison sentences and probationary terms for the same conduct. The need to protect society from [Appellant's] drug dealing and his need for regimented treatment in a state prison facility warranted the sentence imposed in this case.

TCO at 4-5.

Clearly, the trial court and Appellant both agree that his prior incarceration has had little impact on his rehabilitation. However, contrary to Appellant's argument in favor of out-patient treatment, the court found that the interest in protecting the public must now outweigh Appellant's rehabilitative needs. In light of Appellant's unrelenting criminal conduct, we ascertain no abuse of discretion in the trial court's decision.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/2/2016