J-A12014-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| STEVEN JAMES KEENO | : | |
| Appellant | : | No. 1763 WDA 2019 |

Appeal from the Judgment of Sentence Entered November 6, 2019
In the Court of Common Pleas of Crawford County Criminal Division at
No(s):  CP-20-CR-0000682-2017

BEFORE:   KUNSELMAN, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                              FILED MAY 21, 2020

Appellant, Steven James Keeno, appeals from the judgment of sentence of the remainder of his original sentence of four to sixty months of confinement imposed after the revocation of his parole for failure to pay court-ordered costs, fees, and fines, inter alia.  Appellant challenges whether the trial court erred by revoking his parole without making a finding of fact that he had the financial ability to pay these obligations.  As we agree that the trial court erred, we vacate the judgment of sentence below and remand for a new hearing at which the trial court must render appropriate findings on Appellant's financial ability to pay outstanding costs, fees, and fines.

_____

[*] Retired Senior Judge assigned to the Superior Court.

On October 5, 2017, Appellant pleaded guilty to driving under the influence ("DUI") of a controlled substance.[1]   On November 21, 2017, he was sentenced to four to sixty months of confinement and ordered to pay costs, fees, and fines.  He was paroled on December 28, 2017.

On November 6, 2019, the trial court held a violation of parole hearing.  Appellant "apparently admitted . . . methamphetamine use after he was advised that he had tested positive for that substance" and "was not making an effort to report to the Adult Probation/Parole Department."  Trial Court Opinion, dated December 18, 2019, at 2.  "Finally, he admitted the technical violation that he still owed a balance of $2,576.00 for fines, costs and related fees"; no evidence was presented as to Appellant's ability to pay his financial obligations.  Id.  "Based on all of that, th[e trial c]ourt concluded that his technical violations warranted revocation of his parole[.]"  Id.

_____

[1] 75 Pa.C.S. § 3802(d)(1)(iii) (metabolite of a substance).  Appellant also pleaded guilty to and was sentenced for driving while operating privilege is suspended or revoked ("DWOPS").  Id. at § 1543(b)(1).  The sentencing order explicitly stated that his 90-day sentence of confinement for DWOPS was to be completed before his sentence for DUI began.  Accordingly, Appellant's current judgment of sentence following the revocation of his parole arises from his DUI conviction only.

Appellant did not file any post-sentence motions. On November 25, 2019, Appellant filed this timely direct appeal.[2]

Appellant presents the following issue for our review:

> Did the trial court err as a matter of law when it revoked Appellant's parole and recommitted him to total confinement, under circumstances where parole remained a viable means of rehabilitating Appellant and deterring future antisocial conduct; and did the trial court abuse its discretion in its factual findings at Appellant's [revocation of parole] hearing by giving unfair, undue weight to the unsworn testimony of the probation officer who failed to provide sufficient evidence to contradict Appellant's sworn testimony?

Appellant's Brief at 4.

Preliminarily, we note that the Commonwealth has requested that this Court dismiss the current appeal, "because the issue regarding the discretionary aspects of [Appellant's] sentence was not properly preserved at sentencing or in a motion to reconsider and modify sentence." Commonwealth's Brief at 5. However --

> Unlike a probation revocation, a parole revocation does not involve the imposition of a new sentence. . . . Therefore, the purposes of a court's parole-revocation hearing—the revocation court's tasks—are to determine whether the parolee violated parole and, if so, whether parole remains a viable means of rehabilitating the defendant and deterring future antisocial conduct, or whether revocation, and thus recommitment, are in order. . . . Following parole revocation and recommitment, the proper issue on appeal is whether the revocation court erred, as

_____

[2] Appellant filed his statement of errors complained of on appeal on December 12, 2019. The trial court entered its opinion on December 18, 2019.

a matter of law, in deciding to revoke parole and, therefore, to recommit the defendant to confinement. Accordingly, an appeal of a parole revocation is not an appeal of the discretionary aspects of sentence.

*Commonwealth v. Kalichak*, 943 A.2d 285, 290-91 (Pa. Super. 2008) (citation omitted) (emphasis added). As Appellant's appeal of his parole revocation was not an appeal of the discretionary aspects of his sentence, he did not need to engage in the multi-part procedure that would have been required to preserve a challenge to the discretionary aspects of his sentence. *See Commonwealth v. Manivannan*, 186 A.3d 472, 489 (Pa. Super. 2018) (citing Pa.R.A.P. 902 and 903; Pa.R.Crim.P. 720; Pa.R.A.P. 2119(f); 42 Pa.C.S. § 9781(b)).

Turning to Appellant's arguments, he contends that "the Commonwealth has failed to show that parole does not remain a viable means of rehabilitating him and deterring future antisocial conduct." Appellant's Brief at 7. He continues that this Court should order a new parole revocation hearing, because the trial court "did not inquire into [his] ability to pay, the reasons for his failure to pay, [and] whether his failure to pay was willful[.]" Id. at 7-8.

> Before an offender can be confined . . . for nonpayment of financial obligations he or she must be given an opportunity to establish inability to pay. . . . Thus, if an offender defaults in the payment of a fine or court costs after imposition of sentence, the fines and costs court may conduct a hearing to ascertain information regarding an offender's financial resources. 42 Pa.C.S. § 9730(b)(1). . . . [I]f an offender is notified that he or she is charged with . . . parole violations as a result of failure to pay fines, costs or restitution, the offender should be afforded a hearing.

Commonwealth v. Diaz, 191 A.3d 850, 865 (Pa. Super. 2018) (emphasis omitted) (some citations omitted).

Accordingly, the trial court in the current action erred by not giving Appellant an opportunity to establish his inability to pay his court-ordered financial obligations. Id. Ergo, we vacate Appellant's judgment of sentence and remand for a new hearing at which the trial court must render appropriate findings on Appellant's financial ability to pay outstanding costs, fees, and fines.

Furthermore, Appellant's nonpayment of financial obligations was one of three reasons articulated by the trial court for revoking his parole. Trial Court Opinion, dated December 18, 2019, at 2. Consequently, after the trial court determines whether Appellant was able or unable to pay his financial obligations, it must then re-evaluate its decision to revoke Appellant's parole – e.g., if the court concludes that Appellant did not have sufficient financial resources, it must then analyze whether the other two violations that it found were enough in combination to support revocation of Appellant's parole.

While we would normally include a date by which the hearing must occur, we are reluctant to issue a specific timeline given the coronavirus disease 2019 ("COVID-19") pandemic. Instead, we relinquish jurisdiction at

this time, and we direct the court and the parties to comply with the standard timing requirements as much as possible.[3]

Judgment of sentence vacated. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/21/2020

---

[3] Having vacated the judgment of sentence on this argument, Appellant's Brief at 7-8, we need not address his remaining arguments, as they could become moot depending on the outcome of the hearing on remand. See Commonwealth v. Sodomsky, 137 A.3d 620, 629 (Pa. Super. 2016).