J-S28034-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| BENJAMIN BLAKE MOORE | : | |
| | : | |
| Appellant | : | No. 1644 MDA 2021 |

Appeal from the Judgment of Sentence Entered November 18, 2021
In the Court of Common Pleas of York County
Criminal Division at No(s):  CP-67-CR-0003124-2020

BEFORE:  OLSON, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY KING, J.:                **FILED: SEPTEMBER 12, 2022**

Appellant, Benjamin Blake Moore, appeals from the judgment of sentence entered in the York County Court of Common Pleas, following revocation of his parole.  We affirm.

In its opinion, the trial court set forth the relevant facts and procedural history of this case as follows:

> [Appellant] was charged with one count of DUI: Controlled Substance Schedule 1 — 1st Offense under 75 [Pa.C.S.A.] § 3802(d)(1)(i); one count of Driving Under the Influence of Alcohol or Controlled Substance under 75 [Pa.C.S.A.] § 3802(d)(2); one count of Possession of Drug Paraphernalia under 35 P.S. 780-113(a)(32); one count of False Reports under 75 [Pa.C.S.A.] § 3748; one count of DUI: Controlled Substance Schedule 2 or 3 — 1st [offense] under 75 [Pa.C.S.A.] § 3802(d)(1)(ii); and one count of Driving Under the Influence of a Controlled Substance — Schedule I, II, or III — 1st offense under 75 [Pa.C.S.A.] § 3802(d)(1)(iii).
>
> [Appellant] was before this [c]ourt for a bench warrant, which was issued for his failure to appear at his nonjury trial,

scheduled for March 30, 2021. [Appellant's] case was originally listed as a jury trial; however, the Commonwealth *nol prossed* the paraphernalia charge, therefore, the case was rescheduled as a nonjury trial. [Appellant's] attorney indicated that [Appellant] would "prefer to do the jail sentence rather than the R[estrictive] P[robation] sentence. So we don't need to wait to get a drug and alcohol evaluation to do the plea and sentencing. **[Appellant] does understand that he will need to get the drug and alcohol either way**…" [(N.T. Plea Hearing, 3/31/21, at 2) (emphasis added)].

This [c]ourt further asked for clarification from [Appellant] in regards to his request for a straight prison sentence. This [c]ourt inquired about [Appellant's] intentions of receiving any treatment. Defense counsel indicated that [Appellant] was currently in a treatment center for a methadone program in Hanover, Pennsylvania. When this [c]ourt expressed concerns about whether the program worked for [Appellant], [Appellant] indicated the incident in question happened when he first started the program.

[Appellant] further indicated, that he has made progress in the treatment program, as he sees his counselor weekly, and had gone back to school after being accepted to York Technical Institute. [Appellant] elected to enter into a plea to the sole count of Driving Under the Influence of Alcohol or Controlled Substance under 75 [Pa.C.S.A.] § 3802(d)(2). The ADA recommended a sentence of seventy-two (72) hours to six (6) months in York County Prison, the mandatory fine of $1,000, the costs of prosecution, and compliance with all standard DUI conditions. All other remaining counts were to be dismissed. This [c]ourt accepted [Appellant's] plea and sentenced [Appellant] to the agreed-upon sentence…

On September 10, 2021, a petition to schedule a [parole] violation hearing was filed. The [parole] violation hearing was scheduled for November 18, 2021. [Appellant's] violations were failure to complete a DUI education class and failure to obtain a drug and alcohol evaluation. However, [Appellant] did complete a drug and alcohol evaluation on November 16, 2021, after the filing of the violation petition. The recommendation was intensive

outpatient treatment.

This [c]ourt determined [Appellant] to be in violation for failing to complete the drug and alcohol evaluation due to counsel stating on the record that [Appellant] wanted a jail sentence rather than a restrictive probation sentence and that [Appellant] did not need to wait to be sentenced but understood he would need to have the evaluation completed. This [c]ourt accepted the defense counsel's *Koger*[3] argument as to the DUI education class and therefore, did not find [Appellant] in violation of that condition. [Appellant] was sentenced to the unserved balance of one hundred and seventy-six (176) days, with release forthwith, and he was directed to follow through with his drug and alcohol treatment, and complete DUI education classes.

[3] *Commonwealth v. Koger*, 255 A.3d 1285 (Pa.Super. 2021).

On December 17, 2021, [Appellant] filed a notice of appeal to the Superior Court, and an application for *In Forma Pauperis* (herein "IFP") status. On December 17, 2021, this [c]ourt issued a concise statement order. On December 22, 2021, this [c]ourt granted [Appellant's] *IFP* motion. [Appellant] filed a Statement of Errors Complained of on Appeal on January 7, 2022.

(Trial Court Opinion, filed 1/19/22, at 1-6) (most internal citations and footnotes omitted).

Appellant raises one issue for our review:

The trial court abused its discretion in violating [Appellant's] parole for failing to complete a drug and alcohol evaluation where the court never ordered completion of the evaluation as a condition of parole.

(Appellant's Brief at 4).

Appellant argues that the court was only permitted to revoke his parole if Appellant violated a "specific condition" of his parole or committed a new

crime. Appellant asserts that there is no allegation that he committed a new crime in this case. Appellant contends the disputed parole violation was for failing to complete a drug and alcohol evaluation. Appellant emphasizes that the court did not specify that completion of a drug and alcohol evaluation was a condition of his parole. Appellant acknowledges that prior to the court accepting his plea, defense counsel stated at the plea hearing that Appellant understood he would need to complete a drug and alcohol evaluation. Nevertheless, Appellant stresses that the court did not impose a drug and alcohol evaluation as a specific parole condition after accepting Appellant's plea and sentencing him. Rather, Appellant maintains the sentence imposed was 72 hours to 6 months' imprisonment, a fine of $1,000.00, costs of prosecution, and to comply with the "standard conditions related to a DUI offense."

Appellant highlights that the sentencing order contains boxes for specific conditions of parole, including "D/A Eval" and "Highway Safety," but that neither box is checked on the sentencing order.[1] Appellant posits that "[t]he only tenable reading of this record is that the court did not impose an evaluation as a specific condition of [Appellant's] parole." (Appellant's Brief

_____

[1] The sentencing order contains a section titled: "Court Ordered Conditions/Recommendations" and lists eight boxes with specific requirements. While no box is checked, there is an additional line under the boxes marked "Other," next to which the court wrote: "Standard DUI Cond[itions]." (Sentencing Order, 11/18/21, at 1).

- 4 -

at 16). Appellant concludes the court erred by revoking his parole under these circumstances, and this Court must grant relief. We disagree.

"The Commonwealth must prove [a parole] violation by a preponderance of evidence and, once it does so, the decision to revoke parole is a matter for the court's discretion." *Commonwealth v. Kalichak*, 943 A.2d 285, 290-91 (Pa.Super. 2008). As it relates to probation, our Supreme Court has stated: "A court may find a defendant in violation of probation only if the defendant has violated one of the 'specific conditions' of probation included in the probation order or has committed a new crime." *Commonwealth v. Foster*, 654 Pa. 266, 282, 214 A.3d 1240, 1250 (2019).

In support of Appellant's complaints on appeal, he relies heavily on this Court's recent decision in *Koger, supra*. In that case, the appellant pled guilty to possession of child pornography and criminal use of a communication facility on August 21, 2018. The court sentenced him to 8-23 months' imprisonment for the child pornography conviction, he was awarded credit for time served, and immediately paroled. For the criminal use of a communication facility conviction, the court sentenced the appellant to three years' probation. At sentencing, the court stated:

> As special conditions of this sentence, Appellant shall have no contact with any victims or persons displayed in the images. Appellant shall submit to a drug and alcohol evaluation and complete any recommended treatment; perform 100 hours of community service and complete sexual offender counseling.

*Koger, supra* at 1287 (quoting Order of Sentence, 8/21/18). On December

21, 2018, the court revoked the appellant's probation and parole after he stipulated to committing technical violations. On September 16, 2019, a second petition was filed alleging the appellant violated his parole and probation for engaging in assaultive, threatening or harassing behavior, failing to permit a probation officer to visit his residence, failing to submit to warrantless searches, and other violations of criminal laws or ordinances.

At the revocation hearing, the appellant's parole officer testified about the facts giving rise to the alleged violations. At the conclusion of the hearing, the court found the appellant in technical violation and revoked the appellant's parole and probation. Subsequently, the court resentenced the appellant to serve the balance of his minimum sentence for the child pornography conviction and imposed a term of 1-3 years' imprisonment for the criminal use of a communication facility conviction. The appellant appealed.

Initially, this Court remanded for a supplemental opinion concerning whether the court had imposed or advised the appellant of the terms and conditions of his probation and parole at the time of the initial August 21, 2018 sentencing. The court responded stating that it did not advise the appellant of the general conditions of his probation or parole at the time of sentencing; instead, pursuant to local procedures, the probation and parole conditions were explained to the appellant after sentencing by an adult probation officer.

The appellant challenged the sufficiency of the evidence to support his violations in the absence of evidence as to the actual terms and conditions of

the appellant's parole and probation, and he claimed his revocation sentences were illegal. In evaluating the appellant's claims, this Court relied on language from our Supreme Court's decision in *Foster, supra*, in which the Court said that a trial court is required to "attach reasonable conditions authorized by [42 Pa.C.S.A. § 9763] (relating to conditions of probation) as it deems necessary to ensure or assist the defendant in leading a law-abiding life"; the failure to do so is a violation of the court's statutory mandate. *Koger, supra* at 1290 (citing *Foster, supra* at 272 n.5, 214 A.3d at 1244 n.5, 1248-50).

Relying on *Foster*, the *Koger* Court held that the trial court erred in failing to specifically advise the appellant of the conditions of his probation and parole at the time of his initial sentencing. "Because the trial court did not impose, at the time of the August 21, 2018 sentencing, any specific probation or parole conditions, the court could not have found he violated one of the specific conditions of probation or parole included in the probation order." *Koger, supra* at 1291 (internal quotation marks omitted). The Court continued: "In short, a sentencing court may not delegate its statutorily proscribed duties to probation and parole offices and is required to communicate any conditions of probation or parole as a prerequisite to violating any such condition." *Id.* Thus, this Court reversed the revocation of probation and parole and vacated the new judgment of sentence.

Instantly, the trial court distinguished *Koger* from the facts of this

case,[2] reasoning:

> In the case at hand, … [Appellant] elected to enter a guilty plea. We find this case distinguishable from **Koger** because [Appellant's] attorney acknowledged on the record "…So we don't need to wait to get a drug and alcohol evaluation to do the plea and sentencing. **[Appellant] does understand that he will need to get the drug and alcohol either way**." [(N.T. Plea Hearing at 3) (emphasis added).]
>
> This [c]ourt argues that under **Koger**, a defendant cannot be surprised by any of the conditions that may be imposed on him/her. Therefore, because [Appellant's] trial counsel, stated on the record that [Appellant] understood he needed to complete a drug and alcohol evaluation he was well aware that he needed to comply with that specific term under his [parole] conditions.

(Trial Court Opinion at 10-11) (some internal citations omitted).

We agree with the trial court's analysis. Unlike **Koger**, where there was no evidence on the record of the probation conditions at the time of sentencing, the transcript from the plea hearing in this case makes clear Appellant knew (via his counsel's one-the-record representation) he was required to undergo a drug and alcohol evaluation as a parole condition. The court further stated at sentencing and in the sentencing order that Appellant

---

[2] The Pennsylvania Supreme Court granted allowance of appeal in **Koger** to decide whether this Court erred in expanding the holding in **Foster** and the statutory requirements related to probation conditions, to parole cases. **See Commonwealth v. Koger**, 270 WAL 2021 (Pa. Apr. 5, 2022).

would be subject to "standard DUI conditions."[3]   Notably, when the court inquired at the parole revocation hearing why Appellant did not obtain the drug and alcohol evaluation in the eight months after sentencing, Appellant did not claim a lack of notice; rather, Appellant simply responded that he "just didn't get it done soon enough."  (**Id.** at 2).

Under these circumstances, Appellant's reliance on **Koger** is misplaced. **See, e.g., Commonwealth v. Adams**, No. 1261 EDA 2021 (Pa.Super. Apr. 11, 2022) (unpublished memorandum)[4] (affirming revocation sentence and distinguishing **Koger** where trial court advised appellant at time of sentencing of his obligation to report as part of his probation conditions, even though sentencing order did not specify that condition).  **See also Commonwealth v. Crabb**, No. 829 MDA 2021 (Pa.Super. July 27, 2022) (unpublished memorandum) (explaining **Koger** did not mandate that every conceivable condition or aspect of probation or parole must be specified by trial court). Accordingly, we affirm Appellant's revocation sentence.

Judgment of sentence affirmed.

---

[3] Appellant acknowledged that he received the specific requirement to undergo a drug and alcohol evaluation, via e-mail after sentencing.  (N.T. Revocation Hearing, 11/18/21, at 3-4).

[4] **See** Pa.R.A.P. 126(b) (stating this Court may cite to and rely on for persuasive value unpublished decisions of this Court filed after May 1, 2019).

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 09/12/2022