J-S30038-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| MICHAEL DOUGLAS WILLIAMS, | : | |
| | : | |
| Appellant | : | No. 1427 MDA 2016 |

Appeal from the Judgment of Sentence July 28, 2016
in the Court of Common Pleas of Lancaster County,
Criminal Division, No(s):  CP-36-CR-0001414-2014;
CP-36-CR-0005637-2013

BEFORE:  SHOGAN, RANSOM and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:              **FILED JUNE 29, 2017**

Michael Douglas Williams ("Williams") appeals from the judgment of sentence imposed following the revocation of his probation.  We affirm.

On August 14, 2014, Williams entered an open guilty plea, at No. CP-36-CR-0005637-2013 ("No. 5637-2013"), to driving under the influence of alcohol ("DUI"), his third offense, and driving while operating privilege is suspended.[1]  The trial court sentenced Williams to 1 to 2 years in prison, followed by 3 years' probation.  On February 13, 2015, Williams entered an open guilty plea, at No. CP-36-CR-0001414-2014 ("No. 1414-2014"), to simple assault and endangering the welfare of children.[2]  The trial court sentenced Williams to time served to 23 months in prison for the simple

---

[1] **See** 75 Pa.C.S.A. §§ 3802(a), (c); 1543.

[2] **See** 18 Pa.C.S.A. §§ 2701, 4304.

assault charge, followed by 5 years' probation for the endangering the welfare of children charge.

Supervision on Nos. 5637-2013 and 1414-2014 began on September 4, 2015, after Williams served 300 days in prison for his second DUI. The trial court conducted a parole and probation violation hearing on May 19, 2016, at which Williams was found to be in violation of his parole and probation, based on a fourth DUI charge.[3] The trial court deferred sentencing for the probation violation and ordered a pre-sentence investigation report ("PSI").

The trial court conducted a sentencing hearing on July 28, 2016, at which Williams entered an open guilty plea to DUI, his fourth offense, as well as to habitual offenders, drivers required to be licensed, and driving while operating privilege is suspended.[4] As a result of the violation, the trial court terminated Williams's parole, revoked his probation, and sentenced him to a term of 1½ to 3 years in prison at No. 5637-2013. As to No. 1414-2014, the trial court terminated Williams's parole, revoked his probation and sentenced him to a concurrent term of 2½ to 5 years in prison. The trial court awarded Williams credit for time served from April 7, 2016, until the sentencing hearing.

---

[3] Williams also stipulated that he was in violation of his probation and parole.

[4] **See** 75 Pa.C.S.A. §§ 6503.1, 1501. The sentence imposed following Williams's entry of the guilty plea is not at issue in the instant appeal.

Williams filed a post-sentence Motion, challenging the discretionary aspects of his sentence. The trial court denied Williams's Motion. Williams filed a timely Notice of Appeal and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

On appeal, Williams raises the following issue for our appeal: "Was the trial court's aggregate sentence of two-and-one-half (2½) to five (5) years of incarceration [following his] probation/parole revocation manifestly excessive under the circumstances so as to constitute an abuse of the court's discretion?" Brief for Appellant at 6.[5]

Williams argues that the trial court abused its discretion in imposing a manifestly excessive aggregate sentence, without consideration of Williams's rehabilitative progress and needs. *Id.* at 15. Williams claims that "[d]uring this latest period of supervision, his non-compliance appeared to be an outlier in an otherwise compliant period of supervision." *Id.* at 21. Williams asserts that "[r]ather than recognizing the strides that [] Williams made during the instant period of supervision, [] the [trial] court chose instead to sentence him to 2½ to 5 years of incarceration in a state correctional

---

[5] To the extent that Williams challenges the revocation of his parole, we note that "an appeal of a parole revocation is not an appeal of the discretionary aspects of sentence." *Commonwealth v. Kalichak*, 943 A.2d 285, 291 (Pa. Super. 2008); *see also id.* at 292-93 (concluding that appellant's challenge to the discretionary aspects of his sentence was not proper following his parole revocation). Additionally, the trial court imposed a new sentence based on the revocation of his probation, rather than recommitting Williams to serve his original sentence after revoking his parole. *See* N.T., 7/28/16, at 28.

facility." ***Id.*** Williams further argues that the trial court should have imposed a county sentence with work release eligibility. ***Id.*** at 23.

Williams challenges the discretionary aspects of his sentence following the revocation of his probation. "Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." ***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010).

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> We conduct a four-part analysis to determine: (1) whether the appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. [720]; (3) whether the appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).
>
> * * *
>
> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

***Moury***, 992 A.2d at 170 (quotation marks and some citations omitted).

In the instant case, Williams filed a timely Notice of Appeal, preserved his claims in a timely post-sentence Motion, and included in his appellate brief a separate Rule 2119(f) Statement. Accordingly, we will review

Williams's Rule 2119(f) Statement to determine whether he has raised a substantial question.

In his Rule 2119(f) Statement, Williams asserts that the trial court considered only the seriousness of his probation violation, and failed to consider his rehabilitative needs. Brief for Appellant at 12. Williams argues that the trial court failed to set forth, on the record, adequate reasons for imposing the sentence. *Id.* at 13. Additionally, Williams claims that the sentence imposed for his probation violation was in excess of his original sentence. *Id.*

Taken together, Williams's claims raise a substantial question. *See Commonwealth v. Parlante*, 823 A.2d 927, 929 (Pa. Super. 2003) (concluding that claims that trial court, after revoking probation, imposed a sentence that was grossly disproportionate to the crimes, failed to consider appellant's background and the nature of the offenses, and failed to provide adequate reasons for the sentence on the record raised a substantial question). Thus, we will consider the merits of Williams's claims.

Our standard of review is well-settled:

> The imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. An abuse of discretion is more than an error in judgment—a sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

***Commonwealth v. Colon***, 102 A.3d 1033, 1043 (Pa. Super. 2014) (citation omitted).

> The reason for this broad discretion and deferential standard of appellate review is that the sentencing court is in the best position to measure various factors and determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it. Simply stated, the sentencing court sentences flesh-and-blood defendants and the nuances of sentencing decisions are difficult to gauge from the cold transcript used upon appellate review. Moreover, the sentencing court enjoys an institutional advantage to appellate review, bringing to its decisions an expertise, experience, and judgment that should not be lightly disturbed.
>
> The sentencing court's institutional advantage is, perhaps, more pronounced in fashioning a sentence following the revocation of probation, which is qualitatively different than an initial sentencing proceeding. At initial sentencing, all of the rules and procedures designed to inform the court and to cabin its discretionary sentencing authority properly are involved and play a crucial role. However, it is a different matter when a defendant appears before the court for sentencing proceedings following a violation of the mercy bestowed upon him in the form of a probationary sentence. For example, in such a case, contrary to when an initial sentence is imposed, the Sentencing Guidelines do not apply, and the revocation court is not cabined by Section 9721(b)'s requirement that "the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721.

***Commonwealth v. Pasture***, 107 A.3d 21, 27 (Pa. 2014) (some citations and quotation marks omitted).

Upon revocation of probation, a sentencing court may choose from any of the sentencing options that existed at the time of the original sentence, including incarceration. 42 Pa.C.S.A. § 9771(b). However, the imposition of

- 6 -

total confinement upon revocation requires a finding that either "(1) the defendant has been convicted of another crime; or (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or (3) such a sentence is essential to vindicate the authority of the court." *Id.* § 9771(c).

Moreover, "[i]n every case in which the court … resentences an offender following revocation of probation, … the court shall make as part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." *Id.* § 9721(b); *see also* Pa.R.Crim.P. 708(D)(2) (providing that "[t]he judge shall state on the record the reasons for the sentence imposed."). However, following revocation of probation, a sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statutes in question. *See Pasture*, 107 A.3d at 28 (stating that "since the defendant has previously appeared before the sentencing court, the stated reasons for a revocation sentence need not be as elaborate as that which is required at initial sentencing.").

Here, the trial court sentenced Williams to an aggregate term of 2½ to 5 years in prison following the revocation of his probation. Although longer than his initial sentence, Williams's concurrent, post-revocation sentences are within the statutory bounds, and are based on a new criminal charge. *See id.* (explaining that "a trial court does not necessarily abuse its

discretion in imposing a seemingly harsher post-revocation sentence where the defendant received a lenient sentence and then failed to adhere to the conditions imposed on him.").

Moreover, our review of the record reveals that the trial court considered testimony regarding Williams's rehabilitative history, progress, and needs. At the probation violation hearing, Williams's counsel informed the court that Williams has a full-time job and has been making consistent payments toward his fines. *See* N.T., 5/19/16, at 3. Robert Dungan ("Dungan"), Williams's probation officer, testified that Williams reported to all of his appointments. *See id.* at 2-3. However, Dungan also testified that Williams never informed Dungan of his fourth DUI charge, despite attending six appointments after the date of the offense. *See id.* During the sentencing hearing, the trial court detailed its considerations, stating the following:

> The things that stick out a mile are the lack of true accountability … that you have taken over the years for your conduct. And you say that you were so compliant, and yet you had a no-alcohol provision and you were partying. You were drinking. So that's not very compliant.
>
> You have five or six driving under suspensions over the years, so you seem to have an attitude that the sentences and rules that apply to the rest of us don't apply to you.
>
> You have four DUIs in four years. You have no true sense of the magnitude of your problem and there is a pattern of minimizing the [e]ffect.

N.T., 7/28/16, at 20-21. The trial court also stated the following:

There is willful disregard of the conditions of supervision. There is willful violation of the law, and you pose one of the greatest dangers to the community of all because you are in such complete denial that your issues are the kind of issues that should be addressed by a [c]ourt or should be considered by other people [be]cause you really don't want to make a particularly deep-seated change in what you do.

*Id.* at 23-24.

We additionally observe that the trial court had the benefit of a PSI. *See id.* at 6 (wherein the trial court indicated that a PSI had been prepared following the probation violation hearing); *see also id.* at 27 (wherein the trial court admitted the PSI into the record at the sentencing hearing). "Where pre-sentence reports exist, we shall continue to presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. A pre-sentence report constitutes the record and speaks for itself." *Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988); *see also id.* (stating that "[h]aving been fully informed by the pre-sentence report, the sentencing court's discretion should not be disturbed.").

Based upon the foregoing, we conclude that the record confirms that the trial court was provided with sufficient information to make a fully informed sentencing decision following the revocation of Williams's probation. Additionally, we conclude that Williams's aggregate prison sentence of 2½ to 5 years is not manifestly excessive. Discerning no abuse

of discretion by the trial court, we will not disrupt Williams's sentence on appeal.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/29/2017