J-S32015-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                  :             PENNSYLVANIA
                  :
      v.           :
                  :
                  :
AMANDA ENGLEHART        :
                  :
      Appellant     :   No. 1938 MDA 2017

Appeal from the Judgment of Sentence November 30, 2017
In the Court of Common Pleas of Lackawanna County
Criminal Division at No(s):  CP-35-CR-0000648-2017

BEFORE:   PANELLA, J., NICHOLS, J., and PLATT[*], J.

JUDGMENT ORDER BY PANELLA, J.       **FILED SEPTEMBER 25, 2018**

Amanda Englehart appeals from the judgment of sentence entered in the Lackawanna County Court of Common Pleas. Englehart asserts the trial court abused its discretion in fashioning her sentence. Additionally, her court-appointed counsel, Donna M. DeVita, Esquire, seeks permission to withdraw as counsel pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). We affirm and grant Attorney DeVita leave to withdraw.

Following a guilty plea to a single count of theft, the court sentenced Englehart to 15 to 36 months' imprisonment, followed by 36 months' probation. Thirteen days after the court imposed her sentence, Englehart filed

---

[*] Retired Senior Judge assigned to the Superior Court.

a post-sentence motion. Through this motion, Englehart challenged, in part, the discretionary aspects of her sentence. This timely appeal follows the trial court's denial of Englehart's discretionary aspects of sentence claims.[1]

Prior to addressing the merits of Englehart's requested appeal, we must examine Attorney DeVita's request to withdraw. Attorney DeVita has substantially complied with the mandated procedure for withdrawing as counsel. **See Santiago**, 978 A.2d at 361 (articulating **Anders** requirements); **Commonwealth v. Daniels**, 999 A.2d 590, 594 (Pa. Super. 2010) (providing that counsel must inform client by letter of rights to proceed once counsel moves to withdraw and append a copy of the letter to the petition). Englehart did not file a response.

As counsel has met her technical obligation to withdraw, we must now "make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." **Commonwealth v. Flowers**, 113 A.3d 1246, 1248 (Pa. Super. 2015) (citation omitted).

Counsel has identified three issues Englehart believes entitles her to relief. All three challenge the discretionary aspects of sentencing.

"To preserve issues concerning the discretionary aspects of sentencing, a defendant must raise them during sentencing or in a timely post-sentence

---

[1] The trial court, noting that it made "an obvious and patent mistake in sentencing," did grant Englehart's post-sentence request to modify her sentence to include her Recidivism Risk Reduction Incentive eligibility. **See** Trial Court Order, 11/30/17.

motion." ***Commonwealth v. Feucht***, 955 A.2d 377, 383 (Pa. Super. 2008) (citations omitted). Englehart did not raise any discretionary aspects challenges at sentencing. While she did file a post-sentence motion, it was untimely. ***See*** Pa.R.Crim.P. 720(A)(1) ("[A] written post sentence motion shall be filed no later than 10 days after imposition of sentence.") "An untimely post-sentence motion does not preserve issues for appeal." ***Commonwealth v. Wrecks***, 931 A.2d 717, 720 (Pa. Super. 2007) (citation omitted). Englehart has thus waived her challenges to the discretionary aspects of sentencing.

Because Englehart has waived her issues on appeal, we agree with Attorney DeVita that challenging the discretionary aspects of sentencing in this direct appeal is wholly frivolous. ***See Commonwealth v. Kalichak***, 943 A.2d 285, 291 (Pa. Super. 2008) (observing that when an issue has been waived "pursuing th[e] matter on direct appeal is frivolous").

Our independent review of the record reveals no other, non-frivolous issues that she could raise on appeal.

We affirm Englehart's judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/25/2018