J-S57020-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MARCO MANUEL MARIN | : | |
| | : | |
| Appellant | : | No. 1303 EDA 2018 |

Appeal from the Judgment of Sentence March 29, 2018
in the Court of Common Pleas of Chester County
Criminal Division at No.: CP-15-CR-0003867-2016

BEFORE:   PANELLA, J., PLATT*, J., and STRASSBURGER*, J.

MEMORANDUM BY PLATT, J.:                    **FILED NOVEMBER 09, 2018**

Appellant, Marco Manuel Marin, appeals from the judgment of sentence imposed following revocation of his parole.   Appellant's counsel seeks to withdraw her representation pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).   We affirm the judgment of sentence and grant counsel's petition to withdraw.

The relevant facts and procedural history of this case are as follows.   On April 25, 2017, Appellant entered a guilty plea to simple assault and criminal mischief.[1]   The charges stem from Appellant's assault on his then-girlfriend, during which he struck her in the back of the head, grabbed her by the arms, and attempted to choke her.   On the same day Appellant entered his plea, the trial court sentenced him to a term of not less than six nor more than twenty-

_____

[1] 18 Pa.C.S.A. §§ 2701(a)(1) and 3304(a)(5), respectively.

_____

*   Retired Senior Judge assigned to the Superior Court.

three months' imprisonment on the simple assault charge, followed by one year of probation on the criminal mischief charge. Appellant did not appeal the judgment of sentence. He was paroled on September 5, 2017. A bench warrant was issued for a violation of parole on October 2, 2017, based on new criminal offenses, relating to domestic violence and drugs.

The trial court held a violation hearing on March 29, 2018. It revoked Appellant's parole, and ordered him to serve the balance of his maximum sentence on the simple assault charge, *i.e.*, seventeen months and thirteen days, with instructions to close the case after his parole. (**See** Violation Sentencing Sheet, 3/29/18). Appellant timely appealed.

On May 15, 2018, in response to the trial court's concise statement order, counsel filed a statement of intent to file an **Anders** Brief. **See** Pa.R.A.P. 1925(c)(4). The trial court entered a Rule 1925(a) statement on May 29, 2018. **See** Pa.R.A.P. 1925(a). Counsel filed her petition for leave to withdraw and **Anders** brief on July 13, 2018.

> When presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw. Before counsel is permitted to withdraw, he or she must meet the following requirements:
>
>> First, counsel must petition the court for leave to withdraw and state that after making a conscientious examination of the record, he has determined that the appeal is frivolous; second, he must file a brief referring to any issues in the record of arguable merit; and third, he must furnish a copy of the brief to the defendant and advise him of his right to retain new counsel or to himself raise any

additional points he deems worthy of the Superior Court's attention.

*Santiago*, [*supra*] at 361.

*Commonwealth v. Bynum-Hamilton*, 135 A.3d 179, 183 (Pa. Super. 2016) (some citations and footnote omitted).

The *Anders* brief must

(1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, *supra* at 361.

In the instant case, counsel has submitted to this Court an *Anders* brief in which she summarized the history of the case, referred to issues in the record that she believed arguably supported the appeal, and set forth her conclusion that the appeal is frivolous, along with citation to supporting authority. Counsel has also provided a copy of the letter that she sent to Appellant informing him of his right to retain new counsel or proceed *pro se*, to raise any points he deems worthy of this Court's consideration. Accordingly, we conclude counsel has complied with the requirements of *Anders* and *Santiago*. We, therefore, turn to the issue raised in the *Anders* brief and make an independent determination as to whether the appeal is, in fact, "wholly frivolous." *Bynum–Hamilton*, *supra* at 184 (citation omitted).

The *Anders* brief raises the following issue for our review:

Does the imposition of a seventeen (17) month thirteen (13) day confinement sentence for parole revocation in a simple assault case raise a substantial question that the Sentencing Code was violated by the sentencing court which imposed the sentences after a decision that Appellant failed to meet terms of the court's probation supervision when Appellant was convicted of new assault charges and attempting to bring contraband narcotics into the Delaware prison? Are such revocation sentences an abuse of the sentencing court's discretion?

(**Anders** Brief, at 5) (commentary and some capitalization omitted).

Appellant's claim challenges the discretionary aspects of his sentence.

However, this is not a proper argument following a parole revocation. **See**

**Commonwealth v. Kalichak**, 943 A.2d 285, 291 (Pa. Super. 2008).

> . . . Unlike a probation revocation, a parole revocation does not involve the imposition of a new sentence. Indeed, there is no authority for a parole-revocation court to impose a new penalty. Rather, **the only option for a court that decides to revoke parole is to recommit the defendant to serve the already-imposed, original sentence**. At some point thereafter, the defendant may again be paroled.
>
> Therefore, the purposes of a court's parole-revocation hearing—the revocation court's tasks—are to determine whether the parolee violated parole and, if so, whether parole remains a viable means of rehabilitating the defendant and deterring future antisocial conduct, or whether revocation, and thus recommitment, are in order. The Commonwealth must prove the violation by a preponderance of the evidence and, once it does so, the decision to revoke parole is a matter for the court's discretion. In the exercise of that discretion, a conviction for a new crime is a legally sufficient basis to revoke parole.
>
> Following parole revocation and recommitment, the proper issue on appeal is whether the revocation court erred, as a matter of law, in deciding to revoke parole and, therefore, to recommit the defendant to confinement. Accordingly, an appeal of a parole revocation is not an appeal of the discretionary aspects of sentence.

- 4 -

As such, a defendant appealing recommitment cannot contend, for example, that the sentence is harsh and excessive. Such a claim might implicate discretionary sentencing but it is improper in a parole-revocation appeal. Similarly, it is inappropriate for a parole-revocation appellant to challenge the sentence by arguing that the court failed to consider mitigating factors or failed to place reasons for sentence on the record. Challenges of those types again implicate the discretionary aspects of the underlying sentence, not the legal propriety of revoking parole.

*Id.* at 290-91 (citations and footnote omitted) (emphasis added).

Here, as noted, Appellant seeks to challenge the discretionary aspects of his sentence by arguing that his sentence is manifestly excessive and constitutes too severe a punishment. (*See Anders* Brief, at 10-11). However, because Appellant has no right to raise a discretionary aspects claim in the context of a parole revocation proceeding, it is frivolous. *See Kalichak*, *supra* at 290-93.

Moreover, while Appellant could have challenged the propriety of the court's exercise of discretion in revoking parole, *see id.* at 293, Appellant did not preserve such claim by objection during the revocation proceedings or by motion thereafter. *See* Pa.R.Crim.P. 708(E); Pa.R.A.P. 302(a). To the contrary, defense counsel expressly stated: "[M]y client would like to ask for the parol[e] is going to be revoked [sic]. Obviously, he can't contest the underlying violation, the sentence to the balance of the maximum, 17 months, 13 days[.]" (N.T. Hearing, 3/29/18, at 8); *see also id.* at 17 (Appellant asking court to "max out" sentence and close out case without further supervision). Therefore, any such claim would be frivolous to raise on appeal.

Finally, a challenge to the trial court's ruling to revoke Appellant's parole and recommit him would be frivolous. The trial court explained its decision as follows:

[In this case] you got six months, struck [the victim] on the back of the head. She tried to fight back. You attempted to choke her. She basically groped forward, ran to [the police station]. They say she had marks on her arm and throat, consistent with her statement. Then I have 17 days later, the new case . . . you got basically [the victim] with a group of kids all corroborating that you have assaulted her 17 days later. So you have two domestic assaults shortly after getting out of prison. [You] have, approximately, . . . 19 or 20 convictions over the years. I have you sneaking some sort of drugs in the prison. Your conduct in prison isn't good. . . . All you have done is commit new crimes and the concern I have is the nature of the crimes. You are lucky someone has not been seriously hurt. . . .

\* \* \*

. . . You have been basically in and out of jail and police stations your entire life. . . . When you get mad, you're taking it out—you're grabbing the mother of your children by her hair in front of the kids. They're talking about it with the police. They're describing I saw dad grab mom by the hair and hit her. . . . [Y]ou have pretty much checked every box scaring me about what you can do some day and what you have done.

\* \* \*

. . . Even in prison, you're still committing crimes. That's a problem. That's a planned design to get around dealing with the drug problem. You're sneaking drugs in the prison. . . .

\* \* \*

. . . [P]robation has been a complete and total disaster; parol[e] and probation. You just can't go out within 17 days and commit a new crime of violence when you are in front of me on a crime of violence and commit a drug offense. . . .

- 6 -

(N.T. Hearing, at 10-11, 13-15).

Our review of the record confirms that the trial court properly revoked Appellant's parole and recommitted him to confinement. **See Kalichak**, **supra** at 290-91. Furthermore, after independent review, we determine that there are no other non-frivolous bases for appeal, and this appeal is "wholly frivolous." **Bynum–Hamilton**, **supra** at 184 (citation omitted). Therefore, we affirm the judgment of sentence.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/9/18