J-S66021-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
:  PENNSYLVANIA
:
v. :
:
:
:
BERNARD STEVENS :
:
Appellant : No. 2000 EDA 2017

Appeal from the Judgment of Sentence June 13, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0009274-2016

BEFORE: GANTMAN, P.J., PANELLA, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY PANELLA, J. **FILED APRIL 01, 2019**

Bernard Stevens[1] appeals from the judgment of sentence entered in the

Philadelphia County Court of Common Pleas on June 13, 2017. He contends

the sentence imposed is manifestly excessive and the verdict is against the

weight of evidence. Additionally, his court appointed attorney, James R. Lloyd,

Esq., seeks permission from this Court to withdraw as counsel pursuant to

***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v.***

***Santiago***, 978 A.2d 349 (Pa. 2009). We affirm and grant Attorney Lloyd

permission to withdraw.

---

[1] We note that during the Sentencing Hearing, Appellant appears to spell his
name S-T-E-P-H-E-N-S, and that his father is similarly referred to by the last
name Stephens. However, for purposes of consistency, we will refer to
Appellant as Stevens, to reflect the spelling in the case caption.

On April 16, 2016, Stevens was arrested and charged with possession of a controlled substance with intent to deliver (PWID), and related offenses.

Stevens was subsequently convicted of PWID, conspiracy and possession of a controlled substance. The court deferred sentencing in order to allow time for a pre-sentence investigation to be prepared. On June 13, 2017, Stevens was sentenced to an aggregate sentence of four years of probation. He did not file a post-sentence motion.

On June 22, 2017, Stevens filed a timely notice of appeal from the imposition of sentence. On July 13, 2017, Stevens' trial counsel, Thomas Burke, Esq., filed a Motion for Extension of Time to File a Concise Statement of Matters Complained of on Appeal, along with a Motion to Withdraw as Counsel. On July 14, 2017, the court granted the Motion for Extension of Time, providing an additional 45 days to file a concise statement. Additionally, on July 21, 2017, the court granted Counsel Burke permission to withdraw. Attorney Lloyd was appointed as Appellate Counsel.

On July 27, 2017, Attorney Lloyd filed a statement pursuant to Pa.R.A.P. 1925(c)(4) of intent to file an Anders/McClendon Brief in lieu of a statement of matters complained of on appeal, stating that after reviewing the record and applicable law, he was of the opinion that there are no arguable issues of merit which have been properly preserved for purposes of direct appeal. Thus, he found no non-frivolous arguments to pursue on direct appeal. On April 3, 2018, Attorney Lloyd filed an **Anders** brief.

Prior to addressing the merits of Stevens' requested appeal, we must examine Attorney Lloyd's request to withdraw. Attorney Lloyd has substantially complied with the mandated procedure for withdrawing as counsel. **See Santiago**, 978 A.2d at 361 (articulating **Anders** requirements); **Commonwealth v. Daniels**, 999 A.2d 590, 594 (Pa. Super. 2010) (providing that counsel must inform client by letter of rights to proceed once counsel moves to withdraw and append a copy of the letter to the petition). Stevens has not filed a response.

As counsel has met his technical obligation to withdraw, we must now "make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." **Commonwealth v. Flowers**, 113 A.3d 1246, 1248 (Pa. Super. 2015) (citation omitted).

Counsel has identified two issues Stevens believes entitles him to relief: that the sentence imposed was manifestly excessive and the verdicts were against the weight of the evidence.

The first issue identified in the **Anders** brief is a challenge to the discretionary aspects of sentencing. We initially note that counsel has failed to include a Pa.R.A.P. 2119(f) statement. However, in the context of an **Anders** brief, we may disregard this failure and review the issue to determine if it is otherwise frivolous. **See Commonwealth v. Lilley**, 978 A.2d 995 (Pa. Super. 2009).

"To preserve issues concerning the discretionary aspects of sentencing, a defendant must raise them during sentencing or in a timely post-sentence motion." **Commonwealth v. Feucht**, 955 A.2d 377, 383 (Pa. Super. 2008) (citations omitted). Stevens did not raise any discretionary aspects challenges at sentencing. Additionally, he did not file a post-sentence motion. Stevens has thus waived his challenge to the discretionary aspects of sentencing.

Because Stevens has waived this issue on appeal, we agree with Attorney Lloyd that challenging the discretionary aspects of sentencing in this direct appeal is wholly frivolous. **See Commonwealth v. Kalichak**, 943 A.2d 285, 291 (Pa. Super. 2008) (observing that when an issue has been waived "pursuing th[e] matter on direct appeal is frivolous").

Moving to Stevens's second claim, he contends the verdicts were against the weight of the evidence. Again, however, Stevens failed to preserve this claim by not raising it prior to sentencing or in a post-sentence motion. **See** Pa.R.Crim.P. 607(A)(1)-(3) ("A claim that the verdict was against the weight of the evidence shall be raised with the trial court in a motion for a new trial: (1) orally, on the record, at any time before sentencing; (2) by written motion at any time before sentencing; or (3) in a post-sentence motion.") Therefore, because Stevens has waived this claim, we agree with counsel's conclusion that it is frivolous. **See Kalichak**, 943 A.2d at 291.

Our independent review of the record reveals no other, non-frivolous issues that he could raise on appeal.

We affirm Stevens' judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/1/19