J-A11015-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                                  :                PENNSYLVANIA
                                                  :

               v.                                               :
                                                  :

ASHLEY N. SWANSON                   :
                                                 :
            Appellant                        :       No. 1311 WDA 2020

Appeal from the Judgment of Sentence Entered November 19, 2020
In the Court of Common Pleas of Cambria County Criminal Division at
No(s): CP-11-CR-0000627-2020,
CP-11-CR-0001419-2018, CP-11-CR-0001732-2018

BEFORE: McLAUGHLIN, J., KING, J., and McCAFFERY, J.

JUDGMENT ORDER BY McLAUGHLIN, J.:       **FILED: AUGUST 24, 2021**

Ashley Swanson appeals from the judgment of sentence recommitted following the revocation of her parole. We affirm.

Swanson pleaded guilty to Flight to Avoid Apprehension[1] and the trial court sentenced her in September 2019 to 12 to 59 months of incarceration. She was granted parole in October 2019, and the court ordered her to take part in Cambria County's Day Reporting Center (DRC), a drug treatment program, as part of her parole.

While on parole, Swanson failed to comply with the DRC program and tested positive for THC, amphetamines, and cocaine. She was arrested for attempting to pass another person's urine as her own and pleaded guilty to

_____

[1] 18 Pa.C.S.A. § 5126(a).

Furnishing Drug-Free Urine.[2] The court conducted a parole violation hearing on August 31, 2020. The court found that Swanson had violated her parole and, on November 19, 2020, recommitted Swanson to serve the balance of her sentence.[3]

Swanson thereafter filed a *pro se* single notice of appeal.[4] Counsel entered her appearance following the filing of the notice of appeal.

Swanson raises one issue on appeal: "Whether the Sentencing Court erred as a matter of law when it sentenced [her] to serve the balance of her sentence following a Parole Violation Hearing?" Swanson's Br. at unnumbered page 3. The body of her brief argues a slightly different issue: whether the trial court improperly concluded that recommittal was the appropriate remedy for her violation, rather than reparole.

_____

[2] **See** 18 Pa.C.S.A. § 7509(b).

[3] In addition to recommitting Swanson in the instant case, the trial court also imposed its sentence for Swanson's Furnishing Drug-Free Urine.

[4] Swanson filed a single notice of appeal listing three docket numbers. "[W]hen a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed" and "failure to do so will result in quashal of the appeal." **Commonwealth v. Walker**, 185 A.3d 969, 977 (Pa. 2018). We apply this rule literally, and if the appeal implicates only one of several trial court docket numbers on a notice of appeal, we do not quash. **See Commonwealth v. Hough**, No. 101 WDA 2021, 2021 WL 3403673, at *2 (Pa.Super. filed Aug. 4., 2021) (unpublished memorandum); **Commonwealth v. Hogan**, No. 474 MDA 2019, 240 A.3d 131, at *2, n.3 (Pa.Super. filed Aug. 10, 2020) (unpublished memorandum). **See also Twp. of Cranberry v. Spencer**, 249 A.3d 9, 18 (Pa.Cmwlth. 2021). Here, Swanson's appeal concerns only one of the docket numbers she listed. Accordingly, we do not quash.

Following the finding of a parole violation, the court does not impose a new sentence, but rather recommits the defendant to serve the remainder of already-imposed original sentence. ***See Commonwealth v. Kalichak***, 943 A.2d 285, 291 (Pa.Super. 2008). "[A]n appeal of a parole revocation is not an appeal of the discretionary aspects of sentence." ***Id.*** On appeal, an appellant may only challenge whether the revocation court erred as a matter of law in revoking parole and recommitting the defendant to confinement. ***See id.***

Here, Swanson agrees that she received a new conviction while on parole and in doing so violated her parole. ***See*** Swanson's Br. at unnumbered page 6. Swanson's new conviction was sufficient grounds for the court to revoke parole and recommit her. ***See Kalichak***, 943 A.2d at 291 ("a conviction for a new crime is a legally sufficient basis to revoke parole"). The totality of the evidence of her behavior while on parole – the new conviction, her failure to comply with the DRC program, and her positive drug tests – was more than enough for the court to conclude that recommittal to prison was the proper course. Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/24/2021

- 3 -