J-S22037-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                                  :             PENNSYLVANIA
                                                    :

          v.                                   :
                                                  :
                                                    :

LAUREN LACEY JELLEYMAN         :
                                                    :

          Appellant            :     No. 438 EDA 2022

Appeal from the Judgment of Sentence Entered July 23, 2021
In the Court of Common Pleas of Bucks County
Criminal Division at No(s):  CP-09-CR-0000919-2014

BEFORE:  BOWES, J., McCAFFERY, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:           **FILED DECEMBER 28, 2022**

Lauren Lacey Jelleyman ("Jelleyman") appeals from the judgment of sentence imposed following a probation revocation.  We affirm.

The violation of probation ("VOP") court set forth the following factual and procedural history:

> [I]n May [] 2014, [Jelleyman] entered a guilty plea to two counts of possession with intent to deliver [], two counts of conspiracy – possession with intent to deliver [], two counts of criminal use of a communication facility [], and two counts of conspiracy – criminal use of [a] communication facility . . ..  Th[e c]ourt sentenced [Jelleyman] to no less than eleven-and-a-half [] months to no more than twenty-three [] months in the Bucks County Correctional Facility (hereinafter "BCCF") and to a concurrent five-year term of probation to be supervised by the Bucks County Adult Probation Department.
>
> On July 23, 2021, [the VOP court conducted] a probation violation hearing . . ..  This was [Jelleyman's] fifth violation hearing[.]  [The VOP court found Jelleyman] in violation for failing to attend treatment and absconding from supervision.  [Jelleyman's] four previous violations were for the same reasons; since 2014, she has only reported to her probation officer a total

of three or four times. [Jelleyman's] most recent violation hearing was in May of 2020, where she was immediately released[,] despite her probation officer initially recommending a state sentence, due to the COVID-19 pandemic. [Jelleyman's] probation officer agreed to the release, over the Commonwealth's objection, to allow her time to address her substance abuse disorder. However, [Jelleyman] never received treatment and immediately continued her drug use upon release from the jail. [Following her latest revocation, the c]ourt sentenced [Jelleyman] to serve not less than twelve (12) to no more than twenty-four (24) months in a state correctional facility. [Jelleyman] was transferred to S.C.I. Muncy.

[In] July [] 2021, [Jelleyman] filed a Motion to Modify and Reconsider Sentence. Th[e VOP c]ourt . . . ordered a hearing on the motion[, . . . h]owever, the hearing was rescheduled several times due to technical issues at S.C.I. Muncy. On January 20, 2022, th[e c]ourt issued an order denying the motion by operation of law pursuant Pennsylvania Rule of Criminal Procedure 720(B)(3)(a), as the hearing could not be held within the time permitted by law. That same day, [Jelleyman] filed a [petition for relief under the] Post-Conviction Relief Act[, 42 Pa.C.S.A. §§ 9541-9546,] which th[e VOP c]ourt immediately granted, and, by agreement of the parties, [Jelleyman's] direct appeal rights were reinstated *nunc pro tunc*.

On February 3, 2022, [Jelleyman] filed a notice of appeal to the Superior Court.

VOP Court Opinion, 3/17/22, at 1-2 (footnotes, citations to the record, and unnecessary capitalization omitted). Both Jelleyman and the VOP court complied with Pa.R.A.P. 1925.

Jelleyman raises the following issue for our review: "Did the [VOP] court abuse its discretion in resentencing [Jelleyman] by imposing a manifestly excessive sentence, failing to consider all relevant factors, and failing to adequately state the reasons relied upon for imposing said sentence?" Jelleyman's Brief at 7 (unnecessary capitalization omitted).

A challenge to the discretionary aspects of a sentence, following a probation revocation, does not entitle an appellant to review as of right; rather, such a challenge must be considered a petition for permission to appeal. *See Commonwealth v. Kalichak*, 943 A.2d 285, 289 (Pa. Super. 2008). Before reaching the merits of a discretionary sentencing issue,

> [w]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether [the] appellant's brief has a fatal defect, [*see*] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, [*see*] 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (internal citation and brackets omitted); *accord Kalichak*, 943 A.2d at 289 (noting that "when a court revokes probation and imposes a new sentence, a criminal defendant needs to preserve challenges to the discretionary aspects of that new sentence either by objecting during the revocation sentencing or by filing a post-sentence motion") (internal citation omitted); *Commonwealth v. Watson*, 835 A.2d 786, 791 (Pa. Super. 2003) (holding that a challenge to the discretionary aspects of sentencing must be raised at sentencing or in a post-sentence motion; and absent such efforts, an objection to a discretionary aspect of a sentence is waived); *Commonwealth v. McAfee*, 849 A.2d 270, 275 (Pa. Super. 2004) (stating that challenges to the discretionary aspects of a sentence "must be raised in a post-sentence motion or by presenting the

claim . . . during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived. This failure cannot be cured by submitting the challenge in a Rule 1925(b) statement") (internal citations, quotations, and emphasis omitted).

Here, Jelleyman filed a timely notice of appeal following reinstatement of her appellate rights *nunc pro tunc*;[1] and she included a Rule 2119(f) statement in her brief. **See** Jelleyman's Brief at 10-11. We must next determine whether Jelleyman properly preserved her issue at sentencing or in her motion to reconsider and modify her sentence. Our review of the sentencing transcript and the post-sentence motion reveals that Jelleyman failed to assert that her sentence was excessive, that the court failed to consider relevant factors, or that the court failed to state its reasons on the record for the sentence. **See generally** N.T., 7/23/21; Motion to Modify and Reconsider Sentence, 7/28/21.[2] Jelleyman thus failed to preserve at

---

[1] We note that Jelleyman's PCRA petition, in which she sought reinstatement of her appellate rights *nunc pro tunc*, is not contained in the certified record, though the order granting relief, by agreement of the parties, is contained in the record. **See** Order, 1/20/22.

[2] We observe that although Jelleyman accurately asserts that she filed a post-sentence motion, she does not state wherein she preserved her appellate issues for our review. **Cf**. Jelleyman's Brief at 5; Pa.R.A.P. 2119(e). We further note that Jelleyman, in her post-sentence motion for reconsideration or modification of her sentence, asserted the following grounds as her sole basis for relief:

*(Footnote Continued Next Page)*

sentencing or in her post-sentence motion her asserted challenges to the discretionary aspects of her sentence. Accordingly, Jelleyman has waived her issue for our review, and she is therefore due no relief. ***See Kalichak***, 943 A.2d at 289; ***Moury***, 992 A.2d at 170; ***Watson***, 835 A.2d at 791; ***McAfee***, 849 A.2d at 275.[3]

Judgment of sentence affirmed.

_____

> Because [Jelleyman] requires treatment and has never had the benefit of an inpatient program, [she] hereby requests that the [c]ourt reconsider and modify her sentence to time-served to 23 months [of] incarceration at the [BFFC] with presumptive parole to Pennsylvania Adult & Teen Challenge so that she can complete the inpatient program at that facility and receive the treatment that she needs for her recovery from her addiction.

Motion to Modify and Reconsider Sentence, 7/28/21, at ¶ 11.

[3] Following our review of the record, the parties' briefs, the applicable law, the VOP court's statement on the record of its reasons for the sentence, and the well-reasoned opinion of the VOP court, we conclude that Jelleyman's issue, even if preserved, would merit no relief. ***See*** VOP Court Opinion, 3/17/22; N.T., 7/23/21, at 16-20. ***See also Commonwealth v. Malovich***, 903 A.2d 1247, 1254 (Pa. Super. 2006) (affirming a sentence of total confinement following a probation revocation for technical violations and noting that the "[a]ppellant had not complied with previous judicial efforts such as [d]rug [c]ourt, probation[,] and prior revocations. He had not been 'putting anything into' the court-imposed rehabilitation efforts. . . . [The a]ppellant was not responding to the court's authority; incarceration was necessary") (internal citations omitted).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/28/2022</u>