J-S41027-23

2023 PA Super 260

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JUSTIN ANTHONY LAPENNA :
:
Appellant : No. 543 WDA 2023

Appeal from the Judgment of Sentence Entered April 6, 2023
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0000656-2014

BEFORE: PANELLA, P.J., OLSON, J., and STEVENS, P.J.E.[*]

OPINION BY OLSON, J.: **FILED: DECEMBER 8, 2023**

Appellant, Justin Anthony Lapenna, appeals from the judgment of sentence entered April 6, 2023, as made final by the denial of his motion for reconsideration on May 1, 2023, after the trial court found him in violation of his parole. We affirm.

We briefly summarize the facts and procedural history of this case as follows. On August 17, 2015, Appellant entered a guilty plea to criminal conspiracy (to commit possession with intent to deliver, "PWID") and two counts of PWID.[1] That same day, the trial court sentenced Appellant to an aggregate term of 42 to 84 months' state incarceration, followed by 36 months of probation. Appellant did not file a direct appeal.

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 903(a)(1); 35 P.S. § 780-113(a)(30), respectively.

Thereafter, Appellant was released on parole.[2]  He was later alleged to be in violation of his parole and a parole revocation hearing was held on April 6, 2023.  **See Gagnon v. Scarpelli**, 411 U.S. 778 (1973).  At the hearing, Appellant and his parole officer, Nicholas Shope, testified.  Ultimately, the trial court found Appellant to be in violation of the terms and conditions of his supervision, revoked his parole, and recommitted him to state incarceration to serve his full back time "to the newly calculated maximum date of [December 17, 2023]."  N.T. Hearing, 4/6/23, at 38.  Appellant filed a motion for reconsideration on April 14, 2023, which the trial court denied on May 1, 2023.

Appellant filed a timely notice of appeal on May 3, 2023.  Thereafter, on May 10, 2023, the trial court ordered Appellant to file and serve a concise statement of errors complained of on appeal within 21 days, pursuant to Pa.R.A.P. 1925(b).  Trial Court Order, 5/10/23.  Appellant filed his 1925(b) statement on June 8, 2023.  The trial court addressed the issues raised by Appellant in its Rule 1925(a) opinion.

Appellant raises the following issues on appeal:

1. Whether the [trial] court erred in imposing an illegal state sentence against [Appellant even though he would reach the maximum date of confinement on his original sentence in less than two years?]

---

[2] Appellant testified that he was paroled after five and one-half years' incarceration.  N.T. Hearing, 4/6/23, at 16.  As such, Appellant was released from incarceration in February 2021.

- 2 -

2. Whether the [trial] court erred by imposing a sentence that exceeded the scope and confines of justice and fairness, given the record from the [***Gagnon II***] hearing[?]

Appellant's Brief at 4.

Before we address the merits of Appellant's claims, we must first determine whether they are properly preserved for our review. It is well-settled that, "[w]henever a trial court orders an appellant to file a concise statement of [errors] complained of on appeal pursuant to Rule 1925(b), the appellant must comply in a timely manner." ***Feingold v. Hendrzak***, 15 A.3d 937, 940 (Pa. Super. 2011) (emphasis, citations and quotations omitted). Thus, when ordered, an appellant must file a timely concise statement, raising all issues the litigant intends to raise subsequently on appeal. The "failure to comply with the minimal requirements of Pa.R.A.P. 1925(b) will result in automatic waiver of the issues raised." ***Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc.***, 88 A.3d 222, 224 (Pa. Super. 2014) (*en banc*) (citation omitted); ***see also Commonwealth v. Castillo***, 888 A.2d 775, 780 (Pa. 2005) (explaining that an untimely concise statement waives all claims on appeal); ***Commonwealth v. Lord***, 719 A.2d 306, 309 (Pa. 1998) ("[F]rom this date forward . . . [a]ppellants must comply whenever the trial court orders them to file a [s]tatement of [errors] [c]omplained of on [a]ppeal pursuant to Rule 1925. Any issues not raised in a 1925(b) statement will be deemed waived.").

Herein, the record reflects that, on May 10, 2023, the trial court ordered Appellant to file a Rule 1925(b) statement within 21 days of the docketing of

- 3 -

the order, *i.e.*, on or before May 31, 2023. Trial Court Order, 5/10/23, at *1 (unpaginated). The order also informed Appellant that "[a]ny issues not properly included in the [s]tatement, timely filed and served, shall be deemed waived." ***Id.*** at *2. Despite the trial court's order, Appellant filed his Rule 1925(b) statement on June 8, 2023, eight days after the ordered due date. As such, Appellant's 1925(b) statement was manifestly untimely, rendering his claims waived on appeal.

We note, however, that Appellant's first appellate issue raises a challenge to the legality of his sentence. Importantly, "[a] challenge that implicates the legality of an appellant's sentence . . . is an exception to [the] issue preservation requirement." ***Commonwealth v. Thorne***, 276 A.3d 1192, 1196 (Pa. 2022). "Stated succinctly, an appellate court can address an appellant's challenge to the legality of his sentence even if that issue was not preserved in the trial court; indeed, an appellate court may raise and address such an issue *sua sponte*." ***Commonwealth v. Hill***, 238 A.3d 399, 407 (Pa. 2020). We will therefore address the merits of Appellant's initial claim.[3]

Our standard of review is well-settled:

> [T]he determination as to whether the trial court imposed an illegal sentence is a question of law; our standard of review in cases dealing with questions of law is plenary. If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated.

---

[3] In view of the untimely nature of Appellant's concise statement, we are constrained to find that he waived appellate review of his second claim.

*Commonwealth v. Hughes*, 986 A.2d 159, 160–161 (Pa. Super. 2009),

*appeal denied*, 15 A.3d 489 (Pa. 2011) (citations and quotation marks

omitted).

Herein, Appellant claims that the trial court imposed an illegal sentence

by recommitting him to state incarceration as opposed to a county prison.

Appellant's Brief at 8-10. In support of his claim, Appellant cites to 42

Pa.C.S.A. § 9762(b), arguing that, because the remainder of his maximum

sentence is less than two years, Section 9762(b)(3) mandates commitment

to a county prison. *Id.* We disagree.

In reviewing a challenge to a revocation of parole, this Court has

consistently stated:

> [T]here is no authority for a parole-revocation court to impose
> a new penalty. Rather, the only option for a court that decides
> to revoke parole is to recommit the defendant to serve the
> already-imposed, original sentence. At some point thereafter,
> the defendant may again be paroled.
>
> Therefore, the purposes of a court's parole-revocation hearing—
> the revocation court's tasks—are to determine whether the
> parolee violated parole and, if so, whether parole remains a
> viable means of rehabilitating the defendant and deterring
> future antisocial conduct, or whether revocation, and thus
> recommitment, are in order. The Commonwealth must prove
> the violation by a preponderance of the evidence and, once it
> does so, the decision to revoke parole is a matter for the court's
> discretion. In the exercise of that discretion, a conviction for a
> new crime is a legally sufficient basis to revoke parole.
>
> Following parole revocation and recommitment, the proper
> issue on appeal is whether the revocation court erred, as a
> matter of law, in deciding to revoke parole and, therefore, to
> recommit the defendant to confinement. Accordingly, an appeal
> of a parole revocation is not an appeal of the discretionary
> aspects of sentence.

*Commonwealth v. Kalichak*, 943 A.2d 285, 290-291 (Pa. Super. 2008) (citations and footnote omitted).

The commitment of persons sentenced to total or partial confinement is governed by Section 9762(b), which states:

(1) Maximum terms of five or more years shall be committed to the Department of Corrections for confinement.

(2) Maximum terms of two years or more but less than five years shall be committed to the Department of Corrections for confinement, except upon a finding of all of the following:

(i) The chief administrator of the county prison, or the administrator's designee, has certified that the county prison is available for the commitment of persons sentenced to maximum terms of two or more years but less than five years.

(ii) The attorney for the Commonwealth has consented to the confinement of the person in the county prison.

(iii) The sentencing court has approved the confinement of the person in the county prison within the jurisdiction of the court.

(3) Maximum terms of less than two years shall be committed to a county prison within the jurisdiction of the court.

42 Pa.C.S.A. § 9762(b)(1)-(3).

Herein, the maximum term of Appellant's original sentence was 84 months' incarceration, *i.e.*, seven years. Hence, pursuant to Section 9762(b)(1), Appellant was committed to state incarceration. Because the trial court's "only option" after determining that Appellant violated the terms of his parole was to "recommit [Appellant] to serve the already-imposed, original sentence," the trial court correctly recommitted Appellant to state

incarceration. *Kalichak*, 943 A.2d at 290. Indeed, the mere fact that the remaining portion of Appellant's maximum sentence will be served in less than two years is of no consequence because the trial court was bound by the terms of Appellant's original sentence. Accordingly, Appellant's claim fails.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 12/8/2023